[No. 15287.   Department One.   July 30, 1919.]

OWEN BIGLAN, *Appellant*, v. INDUSTRIAL INSURANCE COMMISSION, *Respondent*.[1]

MASTER AND SERVANT (121-2)—WORKMEN'S COMPENSATION ACT—PERMANENT PARTIAL DISABILITY — AWARD FOR FURTHER ACCIDENT — STATUTES—CONSTRUCTION.   Under Rem. Code, § 6604-5, subdivs. b., f. and g., defining permanent total disability and permanent partial disability, and providing that, should a further accident occur to a workman previously the recipient of a lump sum payment, his further compensation shall be adjusted with regard to the combined effect of his injuries, a workman suffering at different times two permanent partial disabilities, not classified as a permanent total disability, cannot recover compensation in excess of the $1,500 maximum for partial disability; and his second award must be made in view of his past receipt of money under the act.

[1]Reported in 182 Pac. 934.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered September 16, 1918, upon findings in favor of the defendant, sustaining an award for personal injuries, on appeal from the decision of the industrial insurance commission. Affirmed.

*Gordon & Easterday,* for appellant.

*The Attorney General,* and *D. E. Twitchell, Assistant,* for respondent.

MACKINTOSH, J.—For an injury sustained to the right eye in hazardous employment in 1913, the appellant received compensation under the workmen's compensation act, in the sum of $625, his injury being classified as a permanent partial disability. While still engaged in a hazardous employment, in 1916, he sustained an injury to the right arm, also classified as a permanent partial disability, and the commission administering the workmen's compensation act allowed him compensation in the sum of $1,250, but upon discovering that the appellant had theretofore received an injury classified as a permanent partial disability, cancelled the award of $1,250 and made an award of $875, being the difference between the $1,500 maximum which the statute provided for permanent partial disability and the $625 already received under the first classification.

Appellant, being dissatisfied with the award as finally made, appealed to the superior court, and from an unfavorable decision there, appealed to this court, urging that, under the workmen's compensation act of 1911, there could be more than one permanent partial disability which would entitle the workman to receive awards aggregating in excess of $1,500.

Both injuries to the appellant having occurred prior to 1917, the question in this case is to be answered by a consideration of the compensation law as enacted in 1911; the particular portions of that act applicable to the situation being Laws 1911, p. 356, chapter 74, section 5, subdivisions b, f, and g (Rem. Code, § 6604-5). .

Subdivision b declares:

"Permanent total disability means the loss of both legs, or both arms, or one leg and one arm, total loss of eyesight, paralysis or other condition permanently incapacitating the workman from performing any work at any gainful occupation."

Subdivision f:

"Permanent partial disability means the loss of either one foot, one leg, one hand, one arm, one eye, one or more fingers, one or more toes  .  .  ."

Subdivision g:

"Should a further accident occur to a workman already receiving a monthly payment under this section for a temporary disability, or who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged according to the other provisions of this section and with regard to the combined effect of his injuries, and his past receipt of money under this act."

Under this latter subdivision, where reference is made to an accident occurring to a workman who has been previously the recipient of a *lump sum* payment, and providing that, in the event of a further accident, the additional compensation shall be adjudged according to the combined effect of his injuries and his past receipt of money, there are but two classes of injuries, for the reason that the act provides the *lump sum* payments in two instances only; first, when the workman has suffered a permanent partial disability; or, second, where he has suffered a permanent total disability.

Reference to subdivision b will show that the legislature failed to classify an injury to the eye and an injury to the arm as permanent total disabilities.  This was probably by oversight.  After the receipt of the first injury, the appellant was a workman permanently partially·disabled, and the second injury left him permanently partially disabled according to the classification of the act as it existed at that time, contemplating that a workman permanently partially disabled should receive compensation not in excess of $1,500.  It would have been well to have provided that the suffering of two permanent partial disabilities should be classified as a permanent total disability.  But the legislature not having made this classification, we are not empowered to raise the maximum recoverable by the appellant because we feel that the act did not place it high enough.  To attempt to do so would be to disregard what seems to be the plain language of the act, which, if it works unscientifically or unjustly, is a matter for legislative correction.

"The industrial insurance act is not one designed to award full compensation to each individual for all such damages as such individual would be entitled to in his peculiar circumstances, but is only a system of limited insurance whereby all industrial employees within the statute are paid definite but limited amounts for injuries, without regard, as we have said, to the particular individual circumstances or needs of the injured employee.  The injury alone is the subject which can be considered by the commission under the statute, and applies to and covers all classes of injuries alike." *Foster v. Industrial Insurance Commission,* 107 Wash. 400, 181 Pac. 912.

The compensation provided by the act is based and fixed upon certain schedules, and where the act, as it does in subdivision g, provides that one suffering a second permanent partial disability is to have his com-

pensation adjusted according to the combined effect of his injuries, and that combined effect is to still leave him classified as permanently partially disabled, his second award must be made in view of "his past receipt of money under this act"; and the appellant in this case, having received $625 for his first injury, was entitled to no more than the difference between that and the maximum of $1,500 for his second injury.

The decisions of the commission and the lower court are affirmed.

HOLCOMB, C. J., MAIN, MITCHELL, and TOLMAN, JJ., concur.