Before STATE INDUSTRIAL BOARD, Respondent. HENRY VAN TASSEL, Respondent, *v.* BASIC REFRACTORIES CORPORATION and Another, Appellants.

*Workmen's compensation — award — second award for total disability cannot be made while employee is receiving compensation from same employer under prior award for total disability.*

Appeal from an award of the State Industrial Board, made on June 25, 1925.

PER CURIAM. The claimant, when the present award, as for total disability, was made, was receiving compensation from the same employer, as for a total disability, under a prior award for a prior accidental injury. Obviously, being already totally disabled, he was incapable of being again totally disabled, and the award in question should not have been made. Any other view would result in the claimant's receiving from the same employer twice the maximum compensation prescribed by the Workmen's Compensation Law. As long as the first award stands we think the claimant will be entitled to no further award. The award should be reversed, and matter remitted to the State Industrial Board. All concur. Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.

———

GEORGE W. BARNETT, Appellant, *v.* BROWN & BAILEY CONDENSED MILK COMPANY, Respondent.— Judgment unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. MARY BIRD, Appellant, *v.* RAQUETTE LAKE RAILWAY COMPANY and Another, Respondents.— Decision unanimously affirmed, without costs, on the ground that there is no evidence to sustain the finding that deceased was in the course of his employment at the time of his death.

· Before STATE INDUSTRIAL BOARD, Respondent. FRED BLETKO, Respondent, *v.* R. HOE & COMPANY and Another, Appellants.— Award reversed, and matter remitted, with costs against the State Industrial Board to abide the event, on the ground that a payment of $1,500 under an attempted settlement has been applied as compensation for seventy-five weeks of total disability at twenty dollars per week although the Board has found that claimant has an earning capacity of sixty per cent and is entitled to compensation at ten dollars and forty-six cents per week and the award is, therefore, arbitrary and inconsistent. All concur.

MATTHEW G. BAILEY, Respondent, *v.* COLLEEN PRODUCTS CORPORATION and Another, Appellants.— Judgment unanimously affirmed, with costs.

Before STATE INDUSTRIAL BOARD, Respondent. AMANDA DONOHO, Respondent, *v.* ATLANTIC BASIN IRON WORKS and Another, Appellants.— Order modified to provide for a commuted payment upon the delivery of a satisfaction piece of the second mortgage, and as so modified unanimously affirmed.

ELDRED REFINING COMPANY OF NEW YORK, INC., Appellant, *v.* CITY OF ONEIDA and Others, Respondents.— Judgment unanimously affirmed, with costs.