[No. 22087. Department One. December 17, 1929.]

FRED REHBERGER, *Respondent*, v. DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*Lester Whitmore,* for respondent.

TOLMAN, J.—This is an appeal from a final judgment, adverse to the department, based upon the verdict of a jury.

By its assignment of errors, the appellant seems to raise but two questions, i. e., the sufficiency of the evidence and the amount of the attorney's fees properly

[1]Reported in 283 Pac. 185.

allowable, but in the briefs and argument certain instructions to the jury are criticized, and we shall therefore consider them.

It appears that respondent, while so employed as to come under the workmen's compensation act, in September, 1927, suffered an injury which resulted in the amputation of his right leg below the knee at about the lower third. The statute (Rem. 1927 Sup. § 7679f) classifies such a condition as a permanent partial disability and provides for an allowance of $1,560 therefor.

After treatment and payment for time lost, the department closed the claim by an allowance of 15.6° of permanent partial disability, and made an award of $468. The result was arrived at because the department ascertained that respondent had suffered an injury to the same member in British Columbia in 1918, and had there been allowed for a seventy per cent disability to the same leg. Upon petition of the respondent, this order was reviewed by the joint board and by it affirmed, and from its action respondent appealed to the superior court.

In the trial in the superior court before a jury, respondent freely admitted the injury received in British Columbia, the loss of two years' time as a result and a financial settlement with the British Columbia authorities by which he received an allowance for permanent partial disability as claimed by the department, but his evidence tended to show, and warranted the jury in finding, that, notwithstanding the prior injury, he had, before the present injury was received, just as good a leg for all practical purposes as he ever had. We do not set forth the evidence of his activities during the six or seven years immediately prior to the time of receiving the present injury, but it is sufficient to say that, if believed, it established a record of con-

tinuous heavy labor and physical activities wholly inconsistent with the theory of a seventy per cent or any appreciable permanent partial disability.

It was respondent's theory, then and now, that the prior injury in no way limited his activities or lessened his earning power and would not have done so except for the present injury, which perhaps aggravated and lighted up a latent or dormant condition left by the prior injury.

Upon the other hand, it was, and is, the theory of the department that, having been paid in British Columbia for a seventy per cent permanent partial disability, respondent had only thirty per cent left to lose at the time he received the present injury.

The two conflicting theories were properly submitted to the jury by two separate instructions which, standing alone and unexplained, might seem to be inconsistent as claimed. By the one, the jury was told that, if there had been a previous permanent partial disability to the respondent's leg, that fact must be considered and the present recovery be limited thereby. By the other, there was submitted to the jury the theory of a dormant condition, aggravated and developed by the present injury. We see no error in these instructions.

Whether the rule be as set forth in *Knipple v. Department of Labor and Industries,* 149 Wash. 594, 271 Pac. 880, forbidding a review by the courts except for arbitrary action, or whether that rule has been changed by the amendment of 1927, chap. 310, Laws of 1927, p. 813 (Rem. 1927 Sup., § 7674), we need not now inquire. There was ample evidence in the case from which the jury could find that the department and the joint board had acted arbitrarily in deducting the seventy per cent disability simply and solely because respondent had been paid for a seventy per cent dis-

ability by the British Columbia authorities. We therefore hold that the evidence was sufficient to carry the case to the jury.

■ The trial court on a recovery of $1,092 allowed an attorney's fee of $300. In these cases, the amount of recovery is but little, if any, guide. The purpose of the law is to furnish an injured workman, who has been denied justice by the department, with competent counsel, without expense to him. We have sustained larger fees in other cases which, so far as we can determine from the record, have called for no more arduous services. *Kendall v. Department of Labor and Industries,* 139 Wash. 379, 247 Pac. 457; *Barkhurst v. Department of Labor and Industries,* 150 Wash. 551, 274 Pac. 105. From the record before us, we cannot say that the trial court abused his discretion in the allowance of attorney's fees.

The judgment is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.