[No. 28282.   Department One.   May 20, 1941.]

JIM HARRINGTON, *Respondent*, v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Defendant*, M & B
LOGGING COMPANY, *Appellant*.[1]

[1]Reported in 113 P. (2d) 518.

*L. B. Donley,* for appellant.

*F. W. Loomis,* for respondent.

STEINERT, J.—Jim Harrington, a workman, filed with the department of labor and industries a claim for compensation for an injury sustained by him while engaged in extrahazardous employment. The supervisor of industrial insurance rejected the claim upon the ground that the workman had previously been adjudged totally and permanently disabled by reason of a former injury, and had been awarded a monthly pension for the remainder of his life. Upon a rehearing, the joint board of the department entered an order reversing the action of the supervisor, and directing that the claim be allowed. The employer of the workman thereupon appealed, from that order, to the superior court. Upon a trial, without a jury, the court entered judgment affirming the order of the joint board, and, in addition, allowing the workman an attorney's fee against the employer. From that judgment, the employer appealed to this court.

The facts are as follows: In September, 1933, respondent, at that time an employee of Mason County Logging Company at Bordeaux, Washington, sustained a severe injury to his back. He filed a claim for that injury, and, after various proceedings, was classified, in March, 1938, as permanently and totally disabled, and was awarded a pension, payable monthly. Thereafter, in April, 1938, respondent and his wife petitioned the department to have the pension converted into a lump sum payment. The petition was granted, a lump sum payment was made, and the claim was closed on

that basis on April 29, 1938. Respondent made the settlement with the department, and accepted the payment, in good faith, believing at that time that he would never thereafter be able to engage in remunerative, extrahazardous employment.

Some time later, however, respondent recovered from his back injury, to the extent at least that he was again able to engage in extrahazardous occupation, and in July, 1939, he entered the employ of appellant, M & B Logging Company, at Markham, Washington. While so employed, on October 16, 1939, he ran a "jagger," or strand of wire, into the middle finger of his right hand. Infection set in, and, as a result, respondent was hospitalized for four days, and was given medical treatment. On November 24, 1939, he filed with the department his present claim, for compensation for time loss, hospital and medical bills, and any permanent disability which he might sustain on account of that injury.

The supervisor rejected the claim for the reason, as we have already stated, that respondent had previously been adjudged permanently and totally disabled as the result of his former injury, and had been allowed a monthly pension for life, which pension had, by agreement, been converted into a lump sum payment. Upon a rehearing by the joint board, that body concluded that the previous classification and award did not constitute a bar to a recovery by respondent for the injury sustained in the later accident. At the direction of the joint board, the supervisor then ordered that the latter claim be reopened

" . . . for time loss effective October 25, 1939; treatment and compensation as indicated—such treatment to be given in accordance with departmental rules."

The employer thereupon appealed to the superior court, and from an adverse judgment there rendered, appealed to this court.

The primary question that we are called upon to decide is this: Where an injured workman has sustained an injury to a particular member, or in a particular region, of his body, and on account thereof has received a rating of permanent total disability, and has been placed on a pension, and such pension has subsequently been converted into a lump sum and paid to the injured workman, both parties to the settlement having acted in good faith, and where the workman subsequently recovers sufficiently to reenter extrahazardous employment, and in the course of such employment sustains an injury to another member, or in another region, of his body, is the workman entitled to recover compensation for time loss resulting from the second injury?

■ The question thus propounded is specifically limited to the matter of compensation for "time loss," for the reasons (1) that appellant concedes that respondent is entitled to receive *medical aid* for his later injury, and (2) that the appeal is founded upon a joint board order granting "time loss" compensation, that is, compensation for temporary total disability, and we have held that

"The lawful inquiry, upon review in the superior court, is only with reference to a question or questions which have been actually decided by the department." *Cole v. Department of Labor & Industries*, 137 Wash. 538, 543, 243 Pac. 7, 9.

The question here presented is one of first impression in this court, and, so far as we have been able to discover, there is very little judicial authority directly upon the subject.

██ It is elementary that all rights of injured workmen, under the workmen's compensation act, must be found in the statute; and we are governed, in the solution of the problem before us, by the provisions of that act, though the act is to be construed liberally.

Rem. Rev. Stat., § 7679 [P. C. § 3472] (b), defines permanent total disability as meaning:

" . . . loss of both legs, or arms, of one leg and one arm, total loss of eyesight, paralysis *or other condition permanently incapacitating the workman from performing any work at any gainful occupation."* (Italics ours.)

For such permanent total disability, the injured workman is entitled to receive, during the period thereof, certain specified amounts monthly. It was upon the basis of the italicized portion of the statutory language just quoted that, in the proceedings growing out of his former injury, respondent was classified as permanently and totally disabled.

Rem. Rev. Stat., § 7681 [P. C. § 3475], provides that, upon the written application of the beneficiary, and within the discretion of the department, a permanent total disability award may be converted into a lump sum payment, and that such lump sum payment shall be equal or proportionate, as the case may be, to the value of the annuity then remaining. As already stated, respondent availed himself of the privilege of taking a lump sum settlement.

Rem. Rev. Stat., § 7679 [P. C. § 3472 ] (h), provides, among other things, that, if aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established, or compensation terminated, the director of labor and industries, through and by means of the division of industrial insurance, may, upon his own motion, readjust for further application the rate of

compensation, in accordance with the rules provided in that section, or, in a proper case, may terminate the payments. Had respondent elected to take the monthly pension payments under the rating of permanent total disability resulting from his first injury, that section of the statute would undoubtedly have entitled the department, upon respondent's recovery from that disability, to readjust his rate of compensation, even to the point of terminating such monthly payments. That right of the department, however, ceased when the department made the lump sum settlement and payment.

The statute upon which the respective theories and contentions of the parties herein come into direct conflict is Rem. Rev. Stat., § 7679 [P. C. § 3472] (g), which provides, in part, as follows:

"Should a further accident occur to a workman who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged according to the other provisions of this section and with regard to the combined effect of his injuries and his past receipt of money under this act."

Respondent contends that, under a proper construction of the provision just quoted, the injury to his back and the lump sum payment for the permanent total disability resulting therefrom cannot be taken into consideration by the department in determining his right to compensation for the subsequent injury. The ground upon which that contention is based is that the disability resulting from the back injury did not in any manner affect respondent's ability to use his fingers. Appellant, on the contrary, contends that the effect of, and the compensation for, past injuries *must* be taken into consideration by the department when a claim for compensation for a subsequent injury is made. Appellant rests its contention squarely upon the language of the statute.

The portion of the statute last quoted obviously contemplates that a workman who has previously received a lump sum payment under the workmen's compensation act *may* be entitled to further compensation in the event that he subsequently sustains "a further accident." However, the statute expressly provides that "future" compensation shall be adjudged

" . . . with regard to the combined effect of his injuries *and his past receipt of money under this act.*" (Italics ours.)

 In the instant case, the effect of respondent's former injury was, as originally contended by him, and as determined by the department, to render respondent permanently and totally disabled, permanently incapacitating him "from performing any work at any gainful occupation," and he was awarded compensation on that basis. Having been classified as permanently and totally disabled, respondent could not, in law, be further disabled. He had already received the highest disability rating known to the law, and upon that rating had been granted the highest compensation allowable under the workmen's compensation act.

The theory upon which compensation is allowed to an injured workman is that such workman has sustained a loss of earning power, or capacity to earn money. Although the amounts to be allowed in specific instances are fixed by statute, the awards are nevertheless predicated upon a commensurate loss of earning power. When a workman is awarded a pension under the statute, it is because, theoretically at least, he has lost his earning power for life, and the award is to compensate him for that loss.

By the terms of the workmen's compensation act, a permanently and totally disabled workman may, with the consent of the department, convert the monthly payments which he would receive during the re-

mainder of his entire life into a single lump sum payment which, according to Rem. Rev. Stat., § 7681, shall be "equal  . . .  to the value of the annuity then remaining  . . .," although not to exceed four thousand dollars. It is clear that the lump sum payment is merely an alternative way, provided by law, of paying a workman for permanent total loss of earning power. Either mode of payment results in the receipt by the workman of the maximum compensation allowable for the maximum disability recognized by the workmen's compensation act.

The mere fact that a workman may recover from an injury which has been classified as a permanent total disability, and for which he has been fully compensated, does not negative the fact that he has already received all the benefits that may be allowed for permanent and total disability. A subsequent lesser disability cannot be superimposed upon the maximum disability recognized by the law. A contrary conclusion would result in an overlapping of classifications and in the allowance of double payment.

The case of *Van Tassel v. Basic Refractories Corp.,* 214 N. Y. Supp. 491, 216 App. Div. 774, involved a situation analogous to the one before us, and, while that decision is not by a court of last resort, it is in accord with our view upon the subject. In that case, an employer appealed from an award in favor of the claimant workman. The opinion of the appellate division of the supreme court of New York reads as follows:

"The claimant, when the present award as for total disability was made, was receiving compensation from the same employer, as for a total disability, under a prior award for a prior accidental injury. Obviously, being already totally disabled, he was incapable of being again totally disabled, and the award in question should not have been made. Any other view would result in the claimant's receiving from the same em-

ployer twice the maximum compensation prescribed by the Workmen's Compensation Law (Laws 1922, c. 615). As long as the first award stands, we think the claimant will be entitled to no further award."

The case of *Ingram v. W. J. Rainey, Inc.*, 127 Pa. Super. Ct. 481, 193 Atl. 335, is to the same effect, although that decision likewise is not from a court of last resort.

The only additional decision, of which we are aware, involving the question here under consideration is *Asplund Const. Co. v. State Industrial Commission*, 185 Okla. 171, 90 P. (2d) 642. An opposite conclusion, from that at which we have arrived, was there reached. The decision in that case, however, was based upon the language of the following provision of the Oklahoma act relative to "Previous Disability":

" 'The fact that an employee has suffered previous disability, or received compensation therefor, shall *not* preclude him from compensation for a later injury; but in determining compensation for the later injury his average weekly wages shall be such sum as will reasonably represent his *earning capacity at the time of the later injury*.' " (Italics ours.)

It will be noted, as the Oklahoma court itself pointed out, that the quoted provision made no distinction as to degrees of disability to which it applied, and made no exception of permanent total disability, but was applicable to *any* previous disability. It will further be noted that the Oklahoma statute not only recognized that compensation *could be* made for a later injury, but also expressly provided that, in determining the compensation, the amount *should be* such sum as would reasonably represent the workman's earning capacity *at the time of the later injury*. The language of our statute is quite different. As already pointed out, it provides that,

"Should a further accident occur to a workman who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged . . . with regard to the combined effect of his injuries *and his past receipt of money under this act.*" (Italics ours.)    Rem. Rev. Stat., § 7679 (g).

We do not regard the *Asplund* case as apposite authority upon the problem presented by our statute.

Respondent places considerable reliance upon *Klippert v. Industrial Ins. Department*, 114 Wash. 525, 196 Pac. 17, and *Rehberger v. Department of Labor & Industries*, 154 Wash. 659, 283 Pac. 185. Those cases are not applicable to the situation presented by this case, for the reason that neither of those cases involved a permanent total disability rating arising out of a former injury. The *Klippert* case merely held that Rem. Rev. Stat., § 7679 [P. C. § 3472] (f), which defines permanent *partial* disability, was intended to provide for specific awards for each of the types of injury therein enumerated, and that recovery for a particular disability mentioned in the statute did not preclude subsequent recovery, in the full amount specified in the statute, for a later injury which was separate and distinct from the previous one, and which resulted in further permanent *partial* disability. No question of double payment for time loss compensation was there involved. Likewise, in the *Rehberger* case, *supra,* there had been no injury resulting in permanent *total* disability which had been fully compensated. Both injuries referred to in that case were of a permanent *partial* nature, and recovery was allowed for the second injury because it was wholly unaffected by the first. As already indicated, the situation presented by the instant case is fundamentally different.

Appellant raises an additional question on appeal, relative to the allowance of an attorney's fee against the employer, but, in view of our decision upon the

matter primarily involved, it becomes unnecessary to decide that question.

The judgment is reversed, with direction to the trial court to enter judgment reversing the order of the joint board allowing the present claim.

ROBINSON, C. J., MAIN, and DRIVER, JJ., concur.

BLAKE, J. (dissenting)—I dissent. I think the order of the joint board not only apprehends the spirit of the industrial insurance act but applies the letter of it (Rem. Rev. Stat., § 7679 (g)) in conformity with the decisions of this court in *Klippert v. Industrial Ins. Department,* 114 Wash. 525, 196 Pac. 17, and *Rehberger v. Department of Labor & Industries,* 154 Wash. 659, 283 Pac. 185.

[1]Reported in 113 P. (2d) 542.