[No. 28861. Department Two. March 10, 1943.]

J. C. BEYER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *L. E. O'Neill, Assistant,* for appellant.

*Richmond & Cathersal,* for respondent.

ROBINSON, J.—The principal question presented by this appeal is, what is the proper award for the enucleation of an eye which had become totally blind prior to the enucleation, and the injury which required it.

In 1935, the respondent, Beyer, while working for a pulp company, received a traumatic injury, resulting in the complete loss of sight of his right eye. For some reason, no claim was made under the workmen's com-

[1]Reported in 134 P. (2d) 948.

pensation act, and he has never received compensation for that injury. In July, 1941, he received an injury to the same eye, while employed in a woodworking plant, and, the eye not responding to treatment, enucleation became necessary and was performed in August of that year.

The workmen's compensation act, Rem. Rev. Stat., § 7679 [P. C. § 3472], sets out a compensation schedule, and, under the heading "Miscellaneous," provides:

"Loss of one eye by enucleation ...... $1,440.00
"Loss of sight of one eye ............. 1,080.00"

The supervisor of industrial insurance held that, since the respondent had previously lost the sight of the eye, he should be awarded the difference between $1,080 and $1,440, that is, $360. On review by the joint board, this determination was sustained. On an appeal to the superior court of Pierce county, the court found the claimant entitled to $1,440, and fixed his attorney's fee at $300. The department, appealing, contends that the court erred (1) in increasing the award; and (2) in allowing an excessive attorney's fee.

█ Counsel for the parties involved agree that there are no decisions directly in point on the principal question. Cases cited from other jurisdictions are not very helpful, because identical statutes are not involved. Three of our own cases bear on the subject, but no one of them is at all decisive. These are: *Biglan v. Industrial Insurance Commission,* 108 Wash. 8, 182 Pac. 934; *Klippert v. Industrial Insurance Department,* 114 Wash. 525, 196 Pac. 17; and *Rehberger v. Department of Labor & Industries,* 154 Wash. 659, 283 Pac. 185. See, also, the discussion of the last two of these in *Harrington v. Department of Labor & Industries,* 9 Wn. (2d) 1, 113 P. (2d) 518.

The *Klippert* case, upon a casual reading, seems to go far towards sustaining respondent's position, for it limits the application of the general provisions of the (g) provisions of the section, as applying to the provisions in (f), and speaks of such provisions in (f) as: "Loss of the major arm at or above the elbow $1,900; Loss of one eye by enucleation $1,200." as being mandatory and meaning just what they say. However, there has been an amendment to the (g) portion of the section since that case was decided. A new paragraph was included in (g) in 1927, and continued in force in subsequent amendments. This paragraph reads as follows:

"Should a workman receive an injury to a member or part of his body already from whatever cause permanently partially disabled, resulting in the amputation thereof or in an aggravation or increase in such permanent partial disability but not resulting in the permanent total disability of such workman, his compensation for such permanent partial disability shall be adjudged with regard to the previous disability of the injured member or part and the degree or extent of the aggravation or increase of disability thereof." Laws of 1927, chapter 310, p. 844; Rem. Rev. Stat., § 7679 (g).

This, we think, applies to the situation before us. In July, 1941, respondent received an injury to his eye. He had already been permanently partially disabled in 1935, and this second injury resulted in the removal of the eye, but not in his permanent total disability. The statute appears to direct the department to fix his compensation for the second injury with regard to the previous disability. It would seem that, if the department had allowed the claimant $1,440, it would have completely disregarded that direction.

The trial court was influenced by the reasoning of Lord Atkinson in *Ball v. Hunt & Sons, Ltd.*, (1912)

A. C. 496, 81 L. J., K. B. 782, 28 T. L. R. 428. In this case, the workman had a blind eye, but his infirmity was not apparent. As a result of an accident, his eye had to be removed, rendering his infirmity obvious. On his recovery, for that reason, he was unable to obtain work, either from his former employer or anyone else. It was held that this incapacity to get work should increase the amount of the award. This is a reasonable and plausible contention.

However, under the circumstances, we think that it is not in the power of the court to increase the award arrived at by the department. Being directed by the statute to consider the previous disability in fixing the amount, the department reasoned that, since that disability consisted in a loss of sight for which the compensation provided $1,080, the eye had been damaged that amount before the last injury, and, therefore, subtracted that sum from $1,440, which is the amount allowed in case of enucleation. We cannot say that, in so doing, the department either incorrectly construed the statute or incorrectly applied it to the undisputed facts.

The judgment and order appealed from are reversed, and the cause is remanded to the superior court of Pirece county for further action not inconsistent herewith.

SIMPSON, C. J., BEALS, MILLARD, and GRADY, JJ., concur.