[No. 23751. Department One. May 26, 1932.]

RALPH C. ARNOLD, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

*The Attorney General* and *Harry Ellsworth Foster, Assistant,* for appellant.

*James P. Neal,* for respondent.

PARKER, J.—This is an appeal by the department of labor and industries from a judgment of the superior court for Thurston county reversing a decision of the

[1]Reported in 11 P. (2d) 825.

department; which decision, while awarding to Ralph C. Arnold forty dollars per month as for a permanent total disability in the loss of both legs in an extrahazardous occupation, made deduction therefrom on account of a prior award made to him for permanent partial disability resulting from the same accident.

The controlling facts are not in dispute, and may be summarized as follows: On February 7, 1924, Arnold was injured while employed in an extrahazardous occupation. On May 7, 1924, Arnold's left leg was amputated below the knee, such amputation being necessitated as a result of his original injury. On April 21, 1925, Arnold's left leg was again amputated in the mid-thigh region, such amputation being also necessitated as the result of his original injury. Arnold was thereupon awarded by the department the sum of $2,280 as for a permanent partial disability, which he received accordingly.

On September 30, 1929, Arnold's right leg was amputated below the knee, such amputation being also necessitated as the result of his original injury. On January 10, 1930, Arnold's right leg was again amputated in the mid-thigh region, such amputation being also necessitated as the result of his original injury. Thereupon Arnold sought from the department a reopening of his claim for the purpose of obtaining an award as for permanent total disability.

The department accordingly reopened his claim, and, upon consideration, recognized that he had become entitled to an award as for permanent total disability. In making the award therefor, the department did so upon the basis of forty dollars per month, Arnold having a wife but no child under the age of sixteen years, as prescribed by our workmen's compensation act, but charged against that award the sum of $2,280 already

received by Arnold as for permanent partial disability; that is, charged against the aggregate of the forty dollar monthly installments to accrue during Arnold's life expectancy the sum of $2,280 already received by him as for permanent partial disability, making to him a net award of $26.33 per month.

From this final disposition by the department of Arnold's claim for an award as for permanent total disability, he appealed to the superior court for Thurston county, which court reversed that decision of the department in so far as it made deduction from his forty dollar monthly award as for permanent total disability, and directed the department to

''. . . enter an order allowing to the said Ralph C. Arnold the full amount that may be authorized and payable to him according to law for permanent total disability, and that from such allowance no deductions shall be made in computing such amount.''

The department thereupon appealed from that judgment so reversing its decision to this court. This brings here the question of whether or not Arnold is entitled to an award of forty dollars per month as for permanent total disability, unimpaired by deduction therefrom on account of his prior awarding and payment thereof as for permanent partial disability.

The controlling provisions of our workmen's compensation law in force at the time of the original injury suffered by Arnold are found in Rem. Comp. Stat., § 7679, as amended by chapter 136, Laws of 1923, p. 387, which have been carried unchanged into later amendments to that section by chapter 310, Laws of 1927, p. 834, and chapter 132, Laws of 1929, p. 329. We quote, so far as need be here noticed, from lettered subdivisions of that section as found in chapter 136, Laws of 1923, p. 390:

"(b) Permanent total disability means the loss of both legs, . . . or other condition permanently incapacitating the workman from performing any work at any gainful occupation.

"When permanent total disability results from the injury, the workman shall receive monthly during the period of such disability: . . .

"(2) If the workman have a wife or invalid husband, but no child under the age of sixteen years, the sum of forty dollars ($40.00). . . .

"(f) Permanent partial disability means the loss of either one foot, one leg, . . . For the permanent partial disabilities here specifically described, the injured workman shall receive compensation as follows: . . .

"Loss of one leg at or above the knee so that an artificial limb can be worn............$2,280.00. . . .

"(g) Should a further accident occur to a workman who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged according to the other provisions of this section and with regard to the combined effect of his injuries, and his past receipt of money under this act. . . . .

"Should such further accident result in the permanent total disability of such injured workman, he shall receive the pension to which he would be entitled notwithstanding the payment of a lump sum for his prior injury.

"(h) If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the department may, upon the application of the beneficiary . . . or upon its own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment." Rem. 1927 Sup., § 7679.

If this were a question of an award to Arnold as for permanent total disability resulting from a "further

accident" under subdivision (g), above quoted, it is plain that he would be entitled to "receive the pension to which he would be entitled notwithstanding the payment of a lump sum for his prior injury;" that is, that he would be entitled to receive an award as for permanent total disability undiminished by any prior award for any prior accident.

It seems to us that the language of subdivision (h) evidences a legislative intent that an aggravation of an original injury resulting in permanent total disability shall entitle the injured person to compensation in accordance with the last paragraph of subdivision (g) relating to "further accident;" because there is no other rule prescribed in this section for the measurement of an award as for permanent total disability resulting from an aggravation of an original injury. We concur in the view expressed by the judge of the superior court in his memorandum opinion as follows:

"The policy of this law, as declared by the law itself and oft repeated by our supreme court, is to provide a system which will make an award in all cases of industrial injury regardless of the cause or manner of infliction, commensurate in some degree with the disability suffered. The disability suffered in this case is a direct result of an industrial accident and a permanent total disability for which compensation is definitely fixed by the Act, and it seems to me that it would be contrary to the policy of the law to hold that, because it results directly from the original injury rather than from a further injury, the workman is not entitled to the full benefit of the Act."

Our problem is by no means free from difficulty of solution, but from a reading of all of the above quoted provisions together, we are of the opinion that the judge of the superior court reached a correct conclusion touching the legislative intent as to the meaning of the language of subdivision (h). Our decision in

*Klippert v. Industrial Insurance Dept.,* 114 Wash. 525, 196 Pac. 17, lends support to this conclusion.

We conclude that the judgment of the superior court must be affirmed. It is so ordered.

TOLMAN, C. J., MITCHELL, HOLCOMB, and HERMAN, JJ., concur.