[No. 25858. Department Two. February 25, 1936.]

VIRGIL W. SEAGRAVES, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.[1]

The *Attorney General* and *Browder Brown, Assistant,* for appellant.

*Phil K. Eaton* and *Roy W. Seagraves,* for respondent.

MAIN, J.—Virgil W. Seagraves was injured January 28, 1932, while engaged in an extrahazardous employment. He presented a claim to the department of labor and industries, which was allowed. Without reviewing the intervening history, the claim was closed August 19, 1933, with an allowance for permanent partial disability in the sum of $2,100, of which amount, at the time, $300 had been previously paid. Subsequently, the claim was opened, and again closed September 7, 1934. From this order, the injured workman appealed to the joint board of the department of labor and industries, and that board ordered that he be adjudged to be totally and permanently disabled and placed on the pension roll, and that the previous award for permanent partial disability be treated as a cash advance and the pension reduced accordingly.

From this order, the claimant appealed to the superior court, and the order was reversed and a judgment entered sustaining the workman's claim for permanent total disability without deducting the previous permanent partial disability award. It is from this judgment of the superior court that the department appeals, the contention being that the trial court erred in not deducting from the total permanent disability award the amount which the claimant had previously received for permanent partial disability.

In the cases of *Arnold v. Department of Labor & Industries,* 168 Wash. 300, 11 P. (2d) 825, and *Dry v. Department of Labor & Industries,* 180 Wash. 92, 39

P. (2d) 609, it was held that, where there is an aggravation of an original injury resulting in permanent total disability, the injured workman is entitled to compensation for the total disability without deducting the previous award for partial disability. Those cases are directly in point upon the question here presented and sustain the judgment of the trial court.

It is said, however, that the injured workman's petition for opening the claim was not sufficient because it did not allege aggravation. A sufficient answer to this contention is that, before the petition was filed, the department, of its own motion, had opened the claim on the ground of aggravation. The claim having been opened, the injured workman was entitled to whatever compensation the facts and the law gave him.

The judgment will be affirmed.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.