[No. 29119. *En Banc.* December 4, 1943.]

EDWIN C. SORENSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Oscar A. Zabel,* for appellant.

*The Attorney General* and *L. E. O'Neill, Assistant,* for respondent Department of Labor & Industries.

*L. B. Donley,* for respondent Weyerhaeuser Timber Company.

MILLARD, J.—The claim of Edwin C. Sorenson for compensation for injuries sustained by him January 10, 1929,

[1] Reported in 143 P. (2d) 844.

while engaged in extrahazardous employment in the employ of Weyerhaeuser Timber Company was allowed by the department of labor and industries. Sorenson was classified as permanently and totally disabled, on which basis he was awarded a pension.

July 21, 1936, upon the petition of claimant, the department converted his pension into a lump sum payment of $2,795.90, which was fifty per cent of the computed value of his pension reserve at that time. The departmental order approving the settlement recited that it was made pursuant to Rem. Rev. Stat., §§ 7681, 7684 [P. C. §§ 3475, 3478], with the understanding that the claimant was to return to his home in Norway. The sections of the statute cited provide that, in the event any payment shall be due an alien residing in a foreign country, the department may settle the same by making a lump sum payment in such amount to which the alien may agree not to exceed fifty per cent of the value of the annuity then remaining.

Shortly following receipt of the lump sum payment, claimant returned to Norway where he remained for more than a year. Upon his return to this country, he was physically much improved, and, from November, 1937, to May, 1938, he worked at various places at various employment. May 10, 1938, he reentered the employment of Weyerhaeuser Timber Company at extrahazardous work and, while so employed May 25, 1938, he sustained a further injury to the foot which was previously injured and for which he was awarded a pension as stated above.

Sorenson's claim based on the second injury was rejected by the department. The departmental decision was sustained on appeal by the claimant to the superior court. In *Sorenson v. Department of Labor & Industries,* 12 Wn. (2d) 355, 121 P. (2d) 978, we reversed the judgment of the superior court dismissing the claimant's appeal from the joint board, and remanded the cause with direction to proceed in accordance with the views expressed in our opinion. Following entry of judgment in the superior court upon the remittitur from this court, the department paid to the claimant $1,204.10, thus making the full sum of four thou-

sand dollars paid to claimant, and closed the original claim. The claim for the second injury was closed without payment. Claimant retained the additional payment from which settlement he appealed to the superior court for King county, which entered judgment sustaining the action of the department. The claimant appealed.

Appellant contends that, as the order of settlement of July 21, 1936, under which his pension was converted to a lump sum payment was void, and he physically recovered thereafter and returned to his extrahazardous employment where he sustained a second compensable injury, he is entitled to compensation for the combined effect of his injuries, less the amount which he has already received as a lump sum settlement. Appellant's counsel argues that, pursuant to the mandate of this court in *Sorenson v. Department of Labor & Industries,* 12 Wn. (2d) 355, 121 P. (2d) 978, the trial court should have directed the department to do two things: (1) Allow all temporary total disability compensation due to the appellant for his second compensable injury—thirty-five dollars monthly from June 3, 1938—and continue such payments on a monthly basis; (2) place the appellant on the pension roll for the combined effect of his injuries and apply lump sum payment already made as an advance payment on the monthly amounts, until the sum of $2,795.90 has thus been exhausted, or else it should take credit for that amount as a partial conversion after the value of appellant's annuity has been fixed by the state insurance commissioner, and then continue to make monthly payments, reduced accordingly and proportionately.

Counsel for the department and counsel for the employer insist that, as appellant was classified under his first claim as permanently and totally disabled—highest disability rating known to the law—and upon that rating was granted the highest compensation allowable under the workmen's compensation act, he may not, if he physically recovers from the first injury, be compensated from the accident fund for further injuries received while in extrahazardous employment.

The sole question is whether there has been a com-

pliance with the direction of this court in *Sorenson v. Department of Labor & Industries*, 12 Wn. (2d) 355, 121 P. (2d) 978. In that case, answering the argument of the department that appellant's condition was due to his former condition of permanent total disability, we stated appellant's second injury suffered in the course of his employment was a compensable injury under the workmen's compensation act, under the definition of "injury" which we had consistently defined as one which resulted from exertion which the workman was unable to endure in his then condition of health.

We held, citing *Harrington v. Department of Labor & Industries*, 9 Wn. (2d) 1, 113 P. (2d) 518, and quoting therefrom as follows, that, if appellant had been fully compensated under his first claim for permanent total disability, he was not entitled to any further award for the second injury:

"Having been classified as permanently and totally disabled, respondent could not, in law, be further disabled. He had already received the highest disability rating known to the law, and upon that rating had been granted the highest compensation allowable under the workmen's compensation act.

"The mere fact that a workman may recover from an injury which has been classified as a permanent total disability, and for which he has been fully compensated, does not negative the fact that he has already received all the benefits that may be allowed for permanent and total disability."

Citing *Booth v. Department of Labor & Industries*, 189 Wash. 201, 64 P. (2d) 505, and *Horton v. Department of Labor & Industries*, 199 Wash. 212, 90 P. (2d) 1009, we held that, as the department had failed to pay the full amount of four thousand dollars to which appellant was entitled, the lump sum payment considered as a final settlement was void, but that

" . . . appellant may not directly be awarded the additional compensation which he was entitled to receive on his lump sum settlement because he did not appeal from the

joint board's order denying his application to reopen his earlier claim."

We did not hold that, because the department failed to pay appellant the full amount of four thousand dollars at the time of conversion to a lump sum settlement, the steps antecedent to the payment were void. We held that the order fixing the amount to be paid on conversion was void in the sense that it did not relieve the department from payment of the full amount due to the appellant. The additional compensation which appellant was entitled to receive on his lump sum settlement could not be *directly awarded*, because of appellant's failure to appeal from the joint board's order denying his application to reopen his first claim—claim based on the first injury. We held, however, that the case was within the following provision of paragraph (g) of Rem. Rev. Stat., § 7679 [P. C. § 3472]:

"Should a further accident occur to a workman who has been previously the recipient of a lump sum payment under this act, his future compensation shall be adjudged according to the other provisions of this section and with regard to the combined effect of his injuries and his past receipt of money under this act."

and that, in disposing of appellant's claim, the procedure outlined in the following excerpt from *Booth v. Department of Labor & Industries, supra, modified to conform to the circumstances of the case at bar, should be adopted:*

"In view of our construction of the statute, as already declared, the ready and easy solution of the immediate problem, considered in the abstract, would be to compel the respondent [the workman's widow] to return the lump sum payment and thus place the parties *in statu quo.* In all probability, however, that is now impossible for her to do. The question then is, what is the fair and equitable equivalent, from the practical standpoint, bearing in mind, at all times, the aim and purpose of the workmen's compensation act in the matter of relief to those who come within its provisions.

"It seems to us that the proper solution, if respondent refuses or fails to repay the lump sum amount, lies in an alternative. The department should either apply the lump sum payment already made, as an advance payment on the

monthly amounts, until the sum of twenty-six hundred dollars has thus been exhausted, or else it should take credit for that amount as a partial conversion after the value of respondent's annuity has been fixed and certified by the state insurance commissioner, and then continue to make monthly payments, reduced accordingly and proportionately. The department, of course, should have the right to elect which of these alternatives it will adopt and follow."

In *Horton v. Department of Labor & Industries, supra,* the injured workman was classified as permanently totally disabled. On his petition therefor the department converted his monthly pension payments to a lump sum settlement, paying the claimant three thousand dollars. Subsequently, the claimant petitioned the department for reinstatement on a monthly pension basis. The claim was reopened and an additional award of one thousand dollars was paid to the claimant, thus bringing the lump sum payment up to the statutory maximum of four thousand dollars, the utmost that could have been paid under the workmen's compensation act. The claimant refused the additional award and prayed that the three thousand dollar payment theretofore made be treated as an advance on the monthly payment due him for permanent total disability. The argument made in behalf of claimant on appeal to this court was that no pension reserve was set up or any computation of the value of his annuity made by the state insurance commissioner; and that the lump sum settlement of three thousand dollars was void under the rule announced in *Booth v. Department of Labor & Industries, supra,* and that the settlement could not be validated by payment of the additional one thousand dollars.

We held that the department could not have forced appellant to accept a lump sum settlement, but, when he petitioned for a settlement, the department had the option of granting or denying his petition. When the department acceded to his request it was required to pay the claimant in settlement a lump sum in accordance with the statute (Rem. Rev. Stat., § 7681). The value of appellant's monthly pension exceeded four thousand dollars, the maximum

amount which could be paid on conversion under the statute. We held that the department, in conformity to *Booth v. Department of Labor & Industries, supra,* having made the additional allowance of one thousand dollars to the appellant, who retained same, appellant had received the full amount to which he was entitled on conversion. We stated that the order fixing the amount to be paid on conversion was void in the sense that it did not relieve the department of the full amount to appellant, but that, when thereafter the department paid him all that it could have awarded under the law at the time of conversion, it satisfied the requirements of the statute; and that we could not agree with the contention of appellant that, because the department failed to pay him the full four thousand dollars at the time of conversion, the steps antecedent to the payment were void.

In *Booth v. Department of Labor & Industries, supra,* we held that, as the widow refused or failed to repay the twenty-six hundred dollars—the lump sum amount she had received as a lump sum settlement, the department could take credit for that amount as a partial conversion, after the value of the widow's annuity had been fixed by the insurance commission. The widow would then be entitled to monthly payments, under her claim, of an additional fourteen hundred dollars, or $12.25 monthly, instead of a pension of thirty-five dollars monthly.

In our opinion in *Sorenson v. Department of Labor & Industries, supra,* we directed that, in disposing of appellant's claim, the procedure outlined in *Booth v. Department of Labor & Industries, supra, modified to conform to the circumstances of the case at bar* should be adopted. A proper disposition was made of the claim.

The department took credit for the advance payment as a partial conversion and remitted to appellant the additional sum, on appellant's petition which had not been withdrawn, as full settlement of the claim. The four thousand dollars received by claimant was retained by him. Having been classified as permanently totally disabled and having

received the maximum allowed under the law therefor as a lump sum settlement, appellant may not be compensated out of the accident fund for further injuries received while in extrahazardous employment. The foregoing is in harmony with our mandate in *Sorenson v. Department of Labor & Industries, supra,* which follows *Booth v. Department of Labor & Industries, supra; Horton v. Department of Labor & Industries, supra;* and *Harrington v. Department of Labor & Industries, supra.*

The judgment is affirmed.

SIMPSON, C. J., BEALS, STEINERT, ROBINSON, JEFFERS, and GRADY, JJ., concur.

MALLERY, J. (dissenting)—The appellant obtained a judgment, the nature and extent of which was set out in *Sorenson v. Department of Labor & Industries,* 12 Wn. (2d) 355, 121 P. (2d) 978. The decisive part of that opinion is found at page 364, and reads as follows:

"It seems to us that the proper solution, if respondent refuses or fails to repay the lump amount, lies in an alternative. The department should either apply the lump sum payment already made, as an advance payment on the monthly amounts, until the sum of twenty-six hundred dollars has thus been exhausted, or else it should take credit for that amount as a partial conversion after the value of respondent's annuity has been fixed and certified by the state insurance commissioner, and then continue to make monthly payments, reduced accordingly and proportionately. The department, of course, should have the right to elect which of these alternatives it will adopt and follow."

It will be understood, of course, that this paragraph is quoted from the opinion in *Booth v. Department of Labor & Industries,* 189 Wash. 201, 64 P. (2d) 505, and that the amount in the case at bar is $2,795.90 and not that of $2,600 which was the amount in the *Booth* case.

The appellant has not returned the $2,795.90 received under the first attempted lump sum settlement, therefore the department had the alternative (1) of applying the $2,795.90 as an advance payment on the monthly amounts until it has been exhausted, or (2) it should take credit for

$2,795.90, as a partial conversion after the appellant's annuity has been fixed, and then make monthly payments, reduced accordingly and proportionately.

Upon electing the first alternative the department would be obliged to pay a pension in the amount of thirty-five dollars to appellant for the rest of his life, beginning at the time the $2,795.90 was exhausted as advance payments. Under the second alternative, the department would pay a pension of $17.50 per month for the rest of appellant's life, beginning immediately, the same being the amount left after a partial conversion.

The department elected to follow neither of these authorized alternatives. It chose instead to disregard the mandate of this court by paying the appellant $1,204.10, as a lump sum settlement, and closing the claim. This affirmatively appears from the department's files, which are a part of the record in this case and which reveal the following sequence of events as of the date each instrument bears:

"April 7, 1942

"Mr. L. M. Rickerd
Secretary of Joint Board
Department of Labor and Industries
Olympia, Washington

Re:   Edwin Sorenson vs. Dept.
of Labor & Industries.
Claim No. 856081

"Dear Mr. Rickerd:

"In regard to the decision handed down by the Supreme Court in the above matter on January 1, 1942, the Supreme Court authorized the department, in settlement of this matter, to follow the formula prescribed in Booth vs. Department of Labor and Industries, 191 Wash. 201, and treat the lump sum payment previously awarded to Mr. Sorenson, as an advance payment on his monthly pension and when exhausted, reinstate his payments, or else take credit for the sum of $2795.90, as a partial conversion and continue to make the monthly payments reduced accordingly and proportionately. *I am also of the opinion that there is a third alternative available to the department* which has been sanctioned by the decision of Horton vs. Department

of Labor and Industries, 199 Wash. 212, and that is to pay Mr. Sorenson the difference between $2,795.90 and the sum of $4000.00, which is the maximum sum payable under Rem. Rev. Stat., 7681, for the commutation of a pension. If this latter alternative, Mr. Sorenson would be entitled to a further payment of $1204.10. In the Horton case the court said, 'When, therefore, the department paid him all that it could have awarded under the law at the time of conversion, they satisfied the requirements of the statute.' (Italics mine.)

"The Joint Board should have determined which of the three alternatives it proposed to follow in the disposition of this case.

> "Very truly yours,
> SMITH TROY,
> Attorney General.
> By EDWARD S. FRANKLIN,
> Assistant Attorney General."

This letter is a definite invitation to follow the *Horton* case and ignore the case at bar. I shall not discuss the *Horton* case, because only the case at bar is pertinent on the question of what its mandate was.

"April 17, 1942

"Hon. Wm. A. Sullivan
Insurance Commissioner
Olympia, Washington

> Attention: C. E. Fullerton
> Re: Claim 480807
> Folio 5198
> William Sorenson

"Dear Sir:

"This claim was closed in 1936 with a lump sum settlement of $2,795.90 but the Supreme Court, under the Booth decision, holds that claimant is entitled to $4000.00, or a balance of $1,204.10.

"Will you kindly certify to the reserve? Mr. Sorenson was born June 6, 1885. The monthly pension, reduced because of the advance of $2,795.90, would have been $17.50.

> "Yours very truly,
> DEPARTMENT OF LABOR AND INDUSTRIES
> W. C. RINEHART
> Assistant Claim Agent"

"April 17, 1942
"Mr. Robert H. Harlin, Director
Department of Labor & Industries
Olympia, Washington

                                   Re: *Claim No. 480807*
"Dear Mr. Harlin:

"In accordance with your request of April 17, we have computed the present worth of a pension of $17.50 per month for an injured workmen born June 6, 1885, and find the same to be in the amount of $2,402.88. However, in this instance, may we call to your attention that the balance of the reserve originally set aside for the above claimant reverted to the accident fund following the lump sum settlement in 1936. It will therefore be necessary that the $1,204.10 to be paid this claimant be appropriated to the reserve fund from the accident fund.

> "Very truly yours,
> WILLIAM A. SULLIVAN
> Insurance Commissioner
> By C. E. FULLERTON
> Statistician"

"April 22, 1942
"William Sorenson
c/o Oscar A. Zabel, Attorney
1001 Fourth & Pike Building
Seattle, Washington

                                   Re:  Claim 480807
"Dear Sir:

"Enclosed is warrant payable to you in the sum of $1204.10 which represents the balance due you in settlement of your pension.

> "Yours very truly,
> DEPARTMENT OF LABOR AND INDUSTRIES
> W. C. RINEHART
> Assistant Claim Agent"

The opinion in the case at bar forecloses the question of considering any request by the appellant for a lump sum settlement previous to the judgment. No one contends that he has made any such an election since it was entered. The arbitrary action of the department in attempting to force a lump sum settlement upon the appellant creates a situation different from that existing at the time of judgment. However, under our decisions, the appellant had a right to accept

the money as advance payments on his pension. In the absence of a written application for a lump sum settlement, made after the judgment, he cannot be required to accept it as anything else.

The department should be directed to reopen appellant's claim and keep it open for the purpose of resuming the pension payments of $17.50 per month after the $1,204.10 has been exhausted as advance payments.

The judgment should be reversed.

BLAKE, J., concurs with MALLERY, J.