[No. 31144. Department Two. December 20, 1949.]

ARTHUR QUARBERG, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Bernard A. Johnson, Assistant,* for appellant.

*Walthew, Gershon, Yothers & Warner,* for respondent.

SIMPSON, C. J.—July 30, 1945, respondent, while engaged in an extrahazardous occupation, received a serious injury. His claim for compensation was allowed by the supervisor. He then appealed to the joint board and a rehearing was granted. At the conclusion of that hearing, the joint board

[1]Reported in 212 P. (2d) 799.

increased the allowance to respondent. Respondent then appealed to the superior court, with the result that he was granted another increase in compensation.

The only question suggested by the state upon its appeal is that the superior court did not have jurisdiction to try the case.

The basis of the argument is that the notice of appeal from the action of the supervisor to the joint board was not made in compliance with the statute, Rem. Supp. 1943, § 7697, which requires that, in order to perfect an appeal from an order of the supervisor to the joint board, the notice of appeal must be served on the director of labor and industries within sixty days after the order of the supervisor was communicated to the claimant. The record in this case discloses that the order of the supervisor was communicated to respondent July 29, 1946. The notice of appeal was not received by the director until October 1, 1946, which was subsequent to the expiration of the sixty-day period.

In numerous cases, typical of which are *Nafus v. Department of Labor & Industries,* 142 Wash. 48, 251 Pac. 877, *Ek v. Department of Labor & Industries,* 181 Wash. 91, 41 P. (2d) 1097, and *Smith v. Department of Labor & Industries,* 1 Wn. (2d) 305, 95 P. (2d) 1031, this court has held that the giving of a notice is jurisdictional, and that failure to appeal within the time named in the statute prohibits the joint board from considering the merits of a claimant's appeal.

It will be noted that, in the *Nafus* and *Ek* cases, the department refused to consider the appeal, and that the joint board, in the *Smith* case, refused to entertain the appeal after inquiring into the facts relative to the giving of the notice of appeal.

■ In the case at bar, the joint board, consisting of the director of labor and industries, the supervisor of industrial insurance and the supervisor of safety, by order dated October 24, 1946, granted the application for a rehearing. In so doing, the board exercised its powers granted by Rem. Rev. Stat., § 10837, which reads:

"The director of labor and industries, the supervisor of industrial insurance, and the supervisor of safety shall have the power, and it shall be their duty, to jointly hear and decide, by a majority vote, all matters arising in either the division of industrial insurance or the division of safety, which the director of labor and industries, or the supervisor of industrial insurance or the supervisor of safety, respectively, shall deem to be of sufficient importance to require their joint action, and to hear and decide, by a majority vote, any matter concerning which any person affected by the decision of either the supervisor of industrial insurance or the supervisor of safety shall, by request in writing, ask for a joint decision:   .   .   ."

The authority thus granted to the officials named in the statute is very broad and comprehensive, indicating the legislative intent to allow them much latitude in performing their duties as trustees of the industrial insurance fund.

This conclusion is justified by the decisions of this court in *Seagraves v. Department of Labor & Industries,* 185 Wash. 333, 54 P. (2d) 1010, and *Smith v. Department of Labor & Industries,* 8 Wn. (2d) 587, 113 P. (2d) 57.

In the *Seagraves* case, the question was raised that the claimant's petition was not sufficient.  The court said:

"A sufficient answer to this contention is that, before the petition was filed, the department, of its own motion, had opened the claim on the ground of aggravation.  The claim having been opened, the injured workman was entitled to whatever compensation the facts and the law gave him."

In the *Smith* case, we passed upon the question of the authority of the director of labor and industries to open a case upon his own motion.  In that case, the statute of limitations had barred the right of a claimant to apply for further relief.  This court decided that the director was not bound by the provisions of the statute of limitations because of the fact that another statute, Rem. Rev. Stat., § 7679 (h), allowed the director to open a claim upon his own motion.

True, the cases just cited were concerned with aggravation of injury.  However, the principle is the same in both types of cases, that is, original injury, and aggravation.  In aggravation cases, the time limit for application by a claim-

ant was three years (now five years—Rem. Supp. 1947, § 7679 (h)).

The statute just mentioned contained a clause which gave the director authority to reopen a case upon his own motion. The statute, Rem. Rev. Stat., § 10837, is equally liberal in that it gives the board power to hear and determine all cases relative to industrial insurance

". . . which the director of labor and industries, or the supervisor of industrial insurance or the supervisor of safety, respectively, shall deem to be of sufficient importance to require their joint action, . . ."

It is quite apparent in this case that the board deemed claimant's situation worthy of its further consideration, else the motion to reconsider the action of the supervisor would not have been granted. Having exercised this discretion to consider the case of respondent, the board was not in a position to deny the right of appeal, this because of the provisions of the last portion of Rem. Rev. Stat., § 10837, which reads:

"Provided, however, that nothing herein contained shall be construed as depriving any person feeling himself aggrieved by any decision of either the director of labor and industries, the supervisor of industrial insurance, the supervisor of safety, or by any joint decision, of the right of appeal therefrom to a court of competent jurisdiction in the manner provided by law."

We are of the opinion that the board had conferred upon it the power or jurisdiction to hear and determine the appeal from the order of the supervisor, and that the trial court had the right to consider the appeal from the order of the joint board.

The judgment of the trial court is affirmed.

ROBINSON, MALLERY, HILL, and HAMLEY, JJ., concur.