[No. 13548-9-III.    Division Three.    October 17, 1995.]

HENRY A. CLAUSON, *Appellant*, v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Respondent*.

*Robert C. Milhem* and *Solan, Doran, Milhem & Hertel,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Loretta A. Vosk* and *Lesley A. Allan, Assistants,* for respondent.

SCHULTHEIS, J. — Henry A. Clauson injured himself

twice during the course of his employment. The Department of Labor and Industries ultimately determined Mr. Clauson was totally and permanently disabled as a result of the second injury, then closed the claim for the first injury without an additional permanent partial disability award. The Board of Industrial Insurance Appeals affirmed the Department order, and the Spokane County Superior Court affirmed the Board and the Department. Mr. Clauson appeals, contending he is entitled to additional permanent partial disability benefits to compensate his first injury in addition to the permanent total disability pension awarded for his second injury. We reverse and remand.

## FACTS

First Claim, G-633912. In 1974, Mr. Clauson injured his right hip. He received treatment and other benefits, and the claim was closed in 1975. The claim was reopened in 1979 and closed again in 1980 with an award to Mr. Clauson of permanent partial disability equal to thirty-five percent of the amputation value of his right leg above the knee joint with short thigh stump.

Second Claim, J-214674. In 1983, Mr. Clauson injured his lower back and left hip. This claim remained open and he received time loss benefits continuously until August 1989, at which time he was placed on the pension rolls as totally and permanently disabled.

Meanwhile, the first claim was opened a third time in 1987, and in 1988 Mr. Clauson underwent hip replacement surgery. In October 1989, a panel of examiners concluded he had permanent partial disability equal to sixty percent of the amputation value of his right leg at the hip. The Department, however, closed the claim without granting an additional permanent partial disability award because it had already awarded Mr. Clauson permanent total disability on his unrelated second claim.

## ISSUE

The issue before us is whether Washington's Industrial

Insurance Act, RCW Title 51, permits a worker who has been classified as permanently totally disabled, and is receiving a pension, to recover permanent partial disability benefits under an open claim for a prior industrial injury to a different part of the body. We conclude the Act permits payment of both benefits in this case.

## STANDARD OF REVIEW

■■ We review the Department's interpretation of the Act de novo and we may substitute our judgment for its judgment, although we accord substantial weight to the Department's interpretation since it is charged with administration of the Act. *Haley v. Medical Disciplinary Bd.*, 117 Wn.2d 720, 728, 818 P.2d 1062 (1991); *Dana's Housekeeping, Inc. v. Department of Labor & Indus.*, 76 Wn. App. 600, 604-06, 886 P.2d 1147, *review denied*, 127 Wn.2d 1007 (1995); RCW 34.05.570, .902; former RCW 34.04.130.

## ANALYSIS

■ When interpreting a statute, it is the court's duty to ascertain and carry out the intent of the Legislature. *Department of Labor & Indus. v. Auman*, 110 Wn.2d 917, 921, 756 P.2d 1311 (1988). Legislative intent is determined primarily from the language of the statute, which should not be construed in such a way as to render any part meaningless. *Oestreich v. Department of Labor & Indus.*, 64 Wn. App. 165, 169, 822 P.2d 1264 (1992).

■ Our state's workers' compensation legislation resulted from a compromise between employers and workers, under which workers injured in their work are entitled to speedy and sure relief, while employers are immunized from common law responsibility. RCW 51.04.010; *Flanigan v. Department of Labor & Indus.*, 123 Wn.2d 418, 422, 869 P.2d 14 (1994); *Dennis v. Department of Labor & Indus.*, 109 Wn.2d 467, 469, 745 P.2d 1295 (1987). The Act is to be liberally construed in order to achieve its purpose

of reducing the injured worker's suffering and economic loss by providing compensation, with doubts resolved in favor of the worker. RCW 51.12.010; *Dennis*, 109 Wn.2d at 470.

Permanent Partial Disability. A worker who becomes permanently partially disabled as a result of a work related injury is entitled to a lump sum payment according to a schedule set forth in RCW 51.32.080. When a worker sustains a further injury to a part of the body already permanently partially disabled, which results in amputation, aggravation or increased disability, but not permanent total disability, former RCW 51.32.080(3)[1] authorizes the payment of additional benefits, adjusted for benefits already paid. *Corak v. Department of Labor & Indus.*, 2 Wn. App. 792, 469 P.2d 957 (1970). And when a permanent partial disability is reclassified as a permanent total disability, former RCW 51.32.080(2)[2] authorizes a deduction of the erroneously paid permanent partial disability benefits from the worker's permanent total disability pension. *Trayle v. Department of Labor & Indus.*, 70 Wn.2d 141, 422 P.2d 520 (1967); *Herzog v. Department of Labor & Indus.*, 40 Wn. App. 20, 696 P.2d 1247 (1985); *but see Stuckey v. Department of Labor & Indus.*, 78 Wn. App. 625, 897 P.2d 1289 (1995).

Permanent Total Disability. A worker who becomes permanently totally disabled as a result of a work related injury is entitled to a monthly pension, the amount of which is determined according to RCW 51.32.060. Under RCW 51.32.060(4), if a further accident results in the permanent total disability of a previously injured worker, he or she shall receive the pension to which he or she would be entitled, notwithstanding the payment of a lump sum for the prior injury. In other words, previously paid permanent partial disability benefits cannot be deducted from

---

[1]RCW 51.32.080 was rewritten in 1993. Laws of 1993, ch. 520, § 1. Subsection (3) was renumbered (5).

[2]After revision in 1993, the relevant language formerly included in RCW 51.32.080(2) now appears in RCW 51.32.080(4). Laws of 1993, ch. 520, § 1.

the pension. *Dry v. Department of Labor & Indus.*, 180 Wash. 92, 106, 39 P.2d 609 (1934); *Arnold v. Department of Labor & Indus.*, 168 Wash. 300, 11 P.2d 825 (1932); *but see Auman*, 110 Wn.2d at 919; *Stuckey*.[3]

We think it is clear under the plain language of the provisions above, that had the Department closed Mr. Clauson's first claim before it classified him as permanently totally disabled under the separate second claim, he would have been entitled to additional permanent partial disability benefits under RCW 51.32.080(3), adjusted for benefits already paid. Then, when the Department later classified Mr. Clauson as permanently and totally disabled under his separate second claim, he would have been entitled to his pension under RCW 51.32.060(4), notwithstanding the payment of benefits for the earlier injury.

At oral argument the Department conceded this was so, but argued the closure of the second claim with an award of permanent total disability benefits before closure of the first claim relieved it from paying any further benefits under the first claim. In support of its position, the Department relies on *Peterson v. Department of Labor & Indus.*, 22 Wn.2d 647, 157 P.2d 298 (1945), *Sorenson v. Department of Labor & Indus.*, 19 Wn.2d 571, 143 P.2d 844 (1943), and *Harrington v. Department of Labor & Indus.*, 9 Wn.2d 1, 113 P.2d 518 (1941). None of those cases, however, require such a result. They stand for the proposition that a worker who receives compensation for a permanent total disability cannot return to work and later obtain benefits for a subsequent injury. *Peterson*, 22 Wn.2d at 651; *Soren-*

---

[3]The following statement appears in *Auman*, 110 Wn.2d at 919, without analysis or reference to *Trayle, Herzog, Dry* or *Arnold*: "If a worker is permanently partially disabled and received a lump sum award for that injury, then later becomes permanently totally disabled, the monthly disability pension to which that worker is entitled as compensation for the total disability will be reduced to reflect the lump sum payment already received for the permanent partial disability. RCW 51.32.080(2)." *Stuckey* declined to follow *Trayle*, relying instead on this statement to find the pension reduction provision of RCW 51.32.080(4), formerly (2), is inapplicable when a worker becomes entitled to a permanent total disability pension after successfully appealing a permanent partial disability award. None of the cases addressed the issue which is before us, and we need not harmonize them to resolve it.

*son*, 19 Wn.2d at 577-78; *Harrington*, 9 Wn.2d at 7-8. Those are not the facts of this case.

■■ A worker has a right to all the benefits of the Act, *Peterson*, 22 Wn.2d at 651, and we do not believe the Department's reliance on the sequence of claim closure furthers the compensatory purpose of the Act. Under the facts before us, and resolving doubts in favor of Mr. Clauson, we conclude as a matter of law he is entitled to the payment of additional permanent partial disability benefits under his first claim, adjusted for earlier benefits, despite the fact he is already receiving the permanent total disability pension to which he is entitled under his separate second claim.

Mr. Clauson requests attorney fees under RCW 51.52.130, which authorizes attorney fees on appeal to the superior court or appellate court[4] if (1) the Board's order is reversed or modified and additional relief is granted, and (2) the litigation affects the accident fund. Because we hold the superior court should have reversed the Board's order, Mr. Clauson has met the first requirement. He has not, however, shown that the litigation affects the accident fund. If he makes the requisite showing on remand, the superior court shall fix a reasonable fee for the services of Mr. Clauson's attorney until his appeal to this court, and, upon compliance with RAP 18.1, our commissioner shall fix a reasonable fee for services before this court. RCW 51.52.130; RAP 18.1(f).

We reverse and remand with instructions to allow Mr. Clauson's permanent partial disability claim, adjusted for previous awards under the same claim, and to determine whether our decision affects the accident fund.

---

[4]Former RCW 51.52.130 did not expressly include appellate courts, and the supreme court interpreted the statute as authorizing attorney fees only at the superior court level. *Flanigan*, 123 Wn.2d at 427. In 1993 the Legislature amended RCW 51.52.130 to refer to appellate courts as well as superior courts. Laws of 1993, ch. 122, § 1.

Sweeney, A.C.J., and Munson, J., concur.

Review granted at 128 Wn.2d 1022 (1996).