925 P.2d 624 (1996)
130 Wash.2d 580
Henry A. CLAUSON, Respondent,
v.
DEPARTMENT OF LABOR AND INDUSTRIES OF the STATE OF WASHINGTON, Petitioner.
No. 63548-0.
Supreme Court of Washington, En Banc.
Argued May 31, 1996.
Decided November 7, 1996.
*625 Christine Gregoire, Attorney General, Lesley A. Allan, Asst., Wenatcee, for Petitioner.
Solan, Doran, Milhem & Hertel, P.S., Robert C. Milhem, Spokane, for Respondent.
GUY, Justice.
The issue in this case is whether a worker who has been awarded a permanent total disability pension under one worker's compensation claim may later receive a permanent partial disability award for a prior injury under a separate, pre-existing claim. We hold that the timing of the closure of claims should not work to the disadvantage of an injured worker. The worker in this case, therefore, is entitled to the additional compensation for his permanent partial disability. The Court of Appeals is affirmed.

Facts
Henry Clauson, the worker involved in this appeal, injured his right hip in an industrial accident in August 1974, and filed an application for benefits with the Department of Labor and Industries in September 1974. When that claim was closed six years later, in September 1980, Mr. Clauson was awarded a permanent partial disability award equal to 35 percent of the amputation value of the right leg.
Approximately two and one-half years later, in January 1983, Mr. Clauson suffered a second industrial injury. This injury was to his low back and left hip (hereafter referred to as back injury). He filed a claim for benefits with the Department of Labor and Industries and received continuous time loss payments under that claim from January 1983 to August 1989, when he was determined to be permanently and totally disabled. He was placed on the disability pension rolls on August 16, 1989.
Meanwhile, in April 1987, while his second claim (for the back injury) was pending, Mr. Clauson's claim for the right hip injury was reopened for medical treatment purposes. Mr. Clauson had hip replacement surgery in September 1988. The parties agree that his right hip condition became medically fixed and stable sometime between February 1989, when his doctor would have testified that his condition was not stable, and August 23, 1989, when his physician last saw him and when his condition was medically fixed and stable.
In October 1989, at the request of the Department of Labor and Industries, a panel of examiners saw Mr. Clauson and concluded that he suffered a permanent partial disability of his right leg, due to the hip injury, of 60 percent.
Because Mr. Clauson had been classified as permanently and totally disabled as of August 16, 1989, and was receiving a pension, the Department closed Mr. Clauson's right hip claim in October 1989 without making an additional award.
Mr. Clauson appealed, first to the Board of Industrial Insurance Appeals, then to the superior court, and then to the Court of Appeals. The Board and superior court concluded that the Industrial Insurance Act did not permit payment of benefits for a prior injury once the worker began receiving a permanent total disability pension. The Court of Appeals reversed, holding that Mr. Clauson was entitled to payment of both the pension (under the back claim) and the permanent partial disability award (under the hip claim). Clauson v. Department of Labor & Indus., 79 Wash.App. 537, 543, 903 P.2d 518 (1995), review granted, 128 Wash.2d *626 1022, 913 P.2d 815 (1996). We granted the Department's petition for review.

Issue
Does the Industrial Insurance Act, RCW Title 51, permit a worker who has been classified as permanently and totally disabled, and who is receiving a pension, to additionally receive a permanent partial disability award, under an existing, open claim, for a prior injury?

Analysis
The issue raised by this appeal requires us to construe provisions of the Industrial Insurance Act (the Act), RCW 51.32, providing for the payment of benefits to injured workers. The construction of a statute is a question of law and is reviewed de novo. Stuckey v. Department of Labor & Indus., 129 Wash.2d 289, 295, 916 P.2d 399 (1996); Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n, 123 Wash.2d 621, 627, 869 P.2d 1034 (1994); Our Lady of Lourdes Hosp. v. Franklin County, 120 Wash.2d 439, 443, 842 P.2d 956 (1993).
The Act is to be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. All doubts as to the meaning of the Act are to be resolved in favor of the injured worker. Kilpatrick v. Department of Labor & Indus., 125 Wash.2d 222, 230, 883 P.2d 1370, 915 P.2d 519 (1995); Dennis v. Department of Labor & Indus., 109 Wash.2d 467, 470, 745 P.2d 1295 (1987); Intalco Aluminum v. Department of Labor & Indus., 66 Wash.App. 644, 654, 833 P.2d 390 (1992), review denied, 120 Wash.2d 1031, 847 P.2d 481 (1993).
The right to workers' compensation benefits is statutory, and a court will look to the provisions of the Act to determine whether a particular worker is entitled to compensation. Harrington v. Department of Labor & Indus., 9 Wash.2d 1, 5, 113 P.2d 518 (1941).
RCW 51.32.060 provides that a worker who is permanently and totally disabled shall receive monthly payments during the period of disability. The amount of payment is determined by the statute and is based primarily on the worker's wages and family size. RCW 51.32.060(1).
Compensation for a permanent and total disability is awarded where there is a complete loss of earning power, such as an inability to perform reasonably obtainable work suitable to the worker's existing qualifications and training. "This definition is satisfied, and the employee is put on what is commonly referred to as the `pension' rolls, when there is a total loss of eyesight, paralysis, loss of both legs or arms or a combination of them, or other conditions permanently incapacitating the worker from performing any work at any gainful occupation." 1A Barbara Barker & Irene Scharf, Wash. Practice § 38.8, at 482 (1989); see RCW 51.08.160. The pension is awarded to an injured worker who has previously received a partial disability award, "notwithstanding the payment of a lump sum for his or her prior injury." RCW 51.32.060(4).[1]
Permanent partial disability benefits for amputation or other disabilities not involving amputation shall be paid to the injured worker for the loss of, or the loss of use of, a specific part of the body. RCW 51.32.080(1),[2] RCW 51.08.150. Such losses are compensated in an amount specified in the statute for the particular loss. The loss is proved by objective medical findings, not by testimony that the employee is unable to work. Barker & Scharf, supra, § 38.10, at 483. See RCW 51.32.080; see also WAC 296-20-01002.
The compensation available to an injured worker under the Act may be limited in certain instances. For example, a worker who has been classified as permanently and totally disabled and who is awarded a pension *627 under the Act may not be additionally compensated for industrial injuries which occur after the permanent total disability classification. Harrington v. Department of Labor & Indus., 9 Wash.2d at 7-8, 113 P.2d 518 (having been classified as permanently and totally disabled, worker could not, in law, be further disabled; subsequent lesser disability cannot be superimposed upon the maximum disability recognized by the law); Sorenson v. Department of Labor & Indus., 19 Wash.2d 571, 577-78, 143 P.2d 844 (1943) (having been classified as permanently totally disabled and having received the maximum allowed under the law, worker could not thereafter be compensated further); Peterson v. Department of Labor & Indus., 22 Wash.2d 647, 651, 157 P.2d 298 (1945) (a worker who accepts a permanent total disability award is estopped from receiving, and the department from paying, compensation for subsequent injuries).
No limiting factor exists in this case.
The facts in the present case differ from those in Harrington, Sorenson, and Peterson in that Mr. Clauson seeks a permanent partial disability award for an injury which was sustained before the injury resulting in his permanent total disability and which was considered under a separate claim, which was pending at the time he was classified as permanently totally disabled.
The Department concedes that had the sequence of closing Mr. Clauson's claims been reversed (i.e., his hip claim had been closed with a partial disability award before he was classified as permanently and totally disabled under the back claim), Mr. Clauson would have been entitled to the full pension, "notwithstanding the payment of a lump sum for his ... prior injury." RCW 51.32.060(4). See, e.g., Peterson, 22 Wash.2d 647, 157 P.2d 298.
We read the statute as requiring compensation under the particular circumstances of this case. In light of the mandate that any doubt as to the meaning of the workers' compensation law be resolved in favor of the worker, we hold that the worker here should not be denied benefits under his hip claim simply because his hip condition was not medically fixed and stable until one week after his back claim was resolved.
Because of our resolution of this appeal, we deem it unnecessary to determine the broader issues raised by the parties.
We affirm the Court of Appeals decision in its entirety. Under RCW 51.52.130 and RAP 18.1, Mr. Clauson is entitled to an award of reasonable attorney fees in this court.
DOLLIVER, SMITH, JOHNSON, MADSEN, ALEXANDER and SANDERS, JJ., concur.
DURHAM, C.J., dissents.
TALMADGE, Justice (dissenting).
The majority decides a worker may be 160% disabled. Because the majority's decision defies logic, common sense, a fundamental tenet of the Industrial Insurance Act, and nearly 65 years of this Court's decisions to the contrary, I dissent.
Clauson hurt his hip on the job in 1974. In September 1980, the Department of Labor & Industries (Department) ruled he had a 35% permanent partial disability as a result. Clauson then injured his back while on the job in January 1983. As a result of this separate, more serious injury, the Department placed him on the pension rolls as permanently and totally disabled in August 1989. Later that year, the Department reevaluated his prior hip injury and concluded Clauson was now 60% permanently partially disabled because of hip injury in addition to being 100% disabled from the back injury, but made no further award, limiting his total award to the pension for his 100% permanent total disability. Clauson appealed. The Board of Industrial Insurance Appeals and the superior court upheld the Department, but the Court of Appeals reversed, holding Clauson was entitled to receive payments as if he were 160% disabled. The majority now agrees with the Court of Appeals.
We are asked in this case to decide if an award of permanent partial disability (PPD) under Washington's Industrial Insurance Act compensates for loss of earning capacity or represents general tort damages. Without discussing this fundamental question, the majority *628 appears to conclude sub silentio that a PPD award compensates for general tort damages. Because Washington's Industrial Insurance Act and the cases arising under it plainly indicate PPD awards compensate loss of earning capacity and because there cannot be more than a 100% loss of earning capacity, Clauson should not be allowed to collect both a pension for 100% permanent total disability and an award for 60% permanent partial disability.

ANALYSIS
Both the Board of Industrial Insurance Appeals and the Spokane County Superior Court (Whaley, J.) concluded our Industrial Insurance Act did not permit an award of permanent partial disability benefits to Mr. Clauson, who was already determined to be totally and permanently disabled and was receiving a pension.[1] The Board and the trial court based their decision on the policy that an award of permanent partial disability is designed only to compensate an injured worker for loss of earning capacity. Therefore, an award of permanent partial disability to a worker who is already permanently and totally disabled and receiving a pension results in a double recovery of benefits.
Division Three of the Court of Appeals reversed the decision of the Spokane County Superior Court in Clauson v. Department of Labor & Indus., 79 Wash.App. 537, 903 P.2d 518 (1995), implicitly determining an award of permanent partial disability was not designed to compensate an injured worker for loss of earning capacity. Rather, the Court of Appeals concluded because a worker could receive an award of permanent partial disability if the award took place before the worker was adjudicated permanently and totally disabled, the sequence of claim closure should not work to the detriment of the injured worker. Clauson, 79 Wash.App. at 543, 903 P.2d 518. The majority agreed with this view. Majority op. at 627.
A. The Court of Appeals' Decision
The Court of Appeals' decision stems from a misreading of the applicable statute. The Court of Appeals said:
A worker who becomes permanently totally disabled as a result of a work related injury is entitled to a monthly pension, the amount of which is determined according to RCW 51.32.060. Under RCW 51.32.060(4), if a further accident results in the permanent total disability of a previously injured worker, he or she shall receive the pension to which he or she would be entitled, notwithstanding the payment of a lump sum for the prior injury. In other words, previously paid permanent partial disability benefits cannot be deducted from the pension.
. . . .
We think it is clear under the plain language of the provisions above, that had the Department closed Mr. Clauson's first claim before it classified him as permanently totally disabled under the separate second claim, he would have been entitled to additional permanent partial disability benefits under RCW 51.32.080(3), adjusted for benefits already paid.
Clauson, 79 Wash.App. at 541-42, 903 P.2d 518. In other words, the Court of Appeals reads RCW 51.32.060(4) to permit permanent partial disability payments in addition to permanent total disability payments for separate injuries. Thus, Clauson can be 60% disabled due to his hip injury and be compensated for that, and be 100% disabled due to his back injury, and be compensated additionally for that for a total of 160% disability. An analysis yielding a 160% disability pension cannot be right.
RCW 51.32.060(4) reads:

*629 Should any further accident result in the permanent total disability of an injured worker, he or she shall receive the pension to which he or she would be entitled, notwithstanding the payment of a lump sum for his or her prior injury.
As the Court of Appeals reads this statute, "any further accident" could mean any further accident at all, whether it was related to the "prior injury" or not. But that is not how this Court has interpreted the statute.
In Arnold v. Department of Labor & Indus., 168 Wash. 300, 11 P.2d 825 (1932), the Court considered a case in which an injured worker had first his left leg amputated in two stages, and then his right leg amputated in two stages over a six-year period, all as the result of the same industrial accident. He had received a lump sum for permanent partial disability stemming from the amputation of his left leg in 1925. After his right leg was amputated first below the knee and then at mid-thigh in 1929 and 1930, he sought to reopen his claim for the purpose of obtaining an award for permanent total disability.
The Department recognized his claim, but deducted from his award the amount it had already paid him for his permanent partial disability. The issue before this Court was whether Arnold was entitled to the full award for his permanent total disability, undiminished by the amount he had already received. Id. at 302, 11 P.2d 825.
The applicable statute in 1932 was the precursor of RCW 51.32.060(4). The only difference between the two is the newer version is gender neutral. The Court considered it "plain" that the statute permitted Arnold to receive a total permanent disability award undiminished by an award for a prior accident. Subsequent cases have supported Arnold's holding: "In [Arnold] we held that an aggravation of an original injury resulting in permanent total disability entitles an injured workman to compensation for total disability without deduction for a previous award for partial disability under the provisions of Rem. Rev. stat., § 7697." Dry v. Department of Labor & Indus., 180 Wash. 92, 106, 39 P.2d 609 (1934) (emphasis added). Accord, Stone v. Olinger, 6 Wash.2d 643, 648, 108 P.2d 630 (1940); Seagraves v. Department of Labor & Indus., 185 Wash. 333, 54 P.2d 1010 (1936).
Thus, the Court of Appeals misreads RCW 51.32.060(4) in this case. Since 1932 in Washington, "any further accident" has meant an aggravation of an original injury, not an entirely separate injury.
B. The Policy Behind Disability Awards
Awards of permanent partial disability are governed by RCW 51.32.060 and RCW 51.32.080. RCW 51.32.060 provides a worker who is permanently and totally disabled will receive monthly payments during the period of the worker's disability based essentially on the worker's wages and family size. That the injured worker with a PPD award receives compensation in the form of monthly payments certainly suggests the award is designed to compensate the injured worker for loss of earning capacity.
While Title 51 RCW does not specifically address how a prior pension may affect a contemporaneous claim for a PPD, RCW 51.32.060(4) does indicate the payment of a prior PPD award does not affect the entitlement of an injured worker to receive a pension for the ultimate effect of the original injury; RCW 51.32.080(4) also provides:
If permanent partial disability compensation is followed by permanent total disability compensation, any portion of the permanent partial disability compensation which exceeds the amount that would have been paid the injured worker if permanent total disability compensation had been paid in the first instance, shall be deducted from the pension reserve of such injured worker and his or her monthly compensation payments shall be reduced accordingly.
See Stuckey v. Department of Labor & Indus., 129 Wash.2d 289, 916 P.2d 399 (1996) (RCW 51.32.080(4) offsets prior award of permanent partial disability).
As Title 51 does not specifically answer the question presented by this case, we must resort to the general policy of the Industrial Insurance Act to address the issues. Washington's Industrial Insurance Act is designed to insure against the loss of wage earning *630 capacity. Adams v. Department of Labor & Indus., 128 Wash.2d 224, 233, 905 P.2d 1220 (1995); Leeper v. Department of Labor & Indus., 123 Wash.2d 803, 814, 872 P.2d 507 (1994); Fochtman v. Department of Labor & Indus., 7 Wash.App. 286, 293, 499 P.2d 255 (1972). This principle plainly animates the concepts of temporary and permanent total disability wherein regular monthly payments are made on a temporary or permanent basis to an injured worker in lieu of the wages lost by the injured worker due to injury.
Although PPD awards set forth in RCW 51.32.080 sometimes are described in terms of the loss of or loss of use of a specific body part, the principle of loss of earning capacity has also been applied to PPD awards.[2] In Franks v. Department of Labor & Indus., 35 Wash.2d 763, 215 P.2d 416 (1950), we held an injured worker's loss of earning power or capacity to earn money was also present in the schedule of benefits for a permanent partial disability. "In the case of permanent partial disability, the Legislature has taken loss of earning power into consideration by prescribing, in dollars, the compensation to be paid for certain specified disabilities." Franks, 35 Wash.2d at 774, 215 P.2d 416. This same principle was announced in Fochtman, 7 Wash.App. at 293-94, 499 P.2d 255. The majority opinion does not cite either Franks or Fochtman.
To underscore this earning power basis for PPD awards, our cases also indicate an injured worker is entitled to recover no more than 100% of that worker's earning capacity as compensation for any injury or combination of injuries. This is consistent with the view temporary and total permanent disability and permanent partial disability all relate to loss of earning capacity. In Harrington v. Department of Labor & Indus., 9 Wash.2d 1, 113 P.2d 518 (1941), and Sorenson v. Department of Labor & Indus., 19 Wash.2d 571, 143 P.2d 844 (1943), we held once a worker is classified as entitled to a pension, the worker may not receive additional temporary total disability (time-loss) benefits under the Act if the worker recovers sufficiently to obtain employment and is thereafter injured. In Harrington, a worker injured his back and received a pension as permanently and totally disabled. The worker subsequently recovered sufficiently to go to work for a logging company where he was seriously injured. He filed a claim for medical expenses and time-loss compensation. We denied further compensation for the second injury stating:
Having been classified as permanently and totally disabled, respondent could not, in law, be further disabled. He had already received the highest disability rating known to law, and upon that rating had been granted the highest compensation allowable under the workmen's compensation act....
The mere fact that a workman may recover from an injury which has been classified as a permanent total disability and for which he has been fully compensated, does not negative the fact that he has already received all the benefits that may be allowed for permanent and total disability. A subsequent lesser disability cannot be superimposed upon the maximum disability recognized by law. A contrary conclusion would result in an overlapping of classifications and in the allowance of double payment.
Harrington, 9 Wash.2d at 7-8, 113 P.2d 518.
Similarly, in Sorenson, the claimant injured his foot and was awarded a pension. The worker later returned to employment and again injured the same foot. He filed a second claim for compensation and the claim was rejected. We upheld the denial of benefits, stating:
Having been classified as permanently totally disabled and having received the maximum allowed under the law therefor as a lump sum settlement, appellant may not be compensated out of the accident fund for further injuries received while in extrahazardous employment.
Sorenson, 19 Wash.2d at 577-78, 143 P.2d 844. See also Peterson v. Department of Labor & Indus., 22 Wash.2d 647, 651, 157 P.2d 298 (1945) (a worker who received a pension is estopped from receiving further compensation for subsequent injuries).
*631 Thus, because a PPD award compensates for an injured worker's loss of earning capacity, an injured worker may receive only 100% of his or her lost earning capacity. Unless the Legislature specifically provides for the compensation of lost earning capacity in an amount in excess of 100%, as the Legislature did in RCW 51.32.060(4), an injured worker is barred from receiving benefits under the Industrial Insurance Act in excess of 100% of his or her lost earning capacity.

CONCLUSION
The schedule of benefits set forth in RCW 51.32.080 for permanent partial disability relates to an injured worker's earning capacity. A pension for a permanent total disability constitutes compensation for a 100% loss of earning capacity. Therefore, a PPD award and a pension are incompatible, unless, as the majority appears to conclude, the scheduled PPD benefits constitute general tort damages rather than replacement income. The majority's conclusion is a significant departure from the firmly-established principle that industrial insurance in Washington exists to replace an injured worker's lost earning capacity. It is for the Legislature to bring about such a fundamental policy change, not this Court.
I would reverse the Court of Appeals and reinstate the decision of the Spokane County Superior Court and the Board of Industrial Insurance Appeals.
NOTES
[1] RCW 51.32.060 was amended in 1993, Laws of 1993, ch. 521, § 2. The subsection quoted was not affected by the amendment.
[2] RCW 51.32.080 was amended in 1993, Laws of 1993, ch. 520, § 1. The amendment did not significantly affect the language of this subsection.
[1] A court will generally give deference to an agency's view of the law in construing an ambiguous statute the agency is charged with administering. When the statute is not ambiguous, we give no deference to the agency's interpretation of it. Erection Co. v. Department of Labor & Indus., 121 Wash.2d 513, 521-22, 852 P.2d 288 (1993). That is because "[i]nterpretation of a statute is solely a question of law and within the conventional competence of the court." American Legion v. City of Walla Walla, 116 Wash.2d 1, 5, 802 P.2d 784 (1991). When the issue on appeal is a question of law, we review it as we review all questions of law, de novo. Stuckey v. Department of Labor & Indus., 129 Wash.2d 289, 295, 916 P.2d 399 (1996).
[2] In nearly all worker compensation systems in America, awards of permanent partial disability compensate for loss of earning capacity, as distinct from tort liability. 1C ARTHUR LARSON, WORKMEN'S COMPENSATION § 57.11.