83 P.3d 1018 (2004)
119 Wash.App. 919
Robert L. TAYLOR, Appellant,
v.
NALLEY'S FINE FOODS and Department of Labor and Industries, Respondents.
No. 29810-4-II.
Court of Appeals of Washington, Division 2.
January 28, 2004.
*1019 Jennifer Margareta Cross-Euteneier, Tacoma, WA, Candiss Anne Watson, Philip Albert Talmadge, Talmadge & Stockmeyer, Tukwila, WA, for Appellant.
Julian Mc Farland Bray, Ofc of the Attorney General, Tacoma, WA, Deborah Kay Flynn, Eims and Flynn, Seattle, WA, for Respondents.
BRIDGEWATER, J.
Robert L. Taylor, an employee of Nalley's Fine Foods, a self-insured employer, appeals a summary judgment affirming the cancellation of a penalty for Nalley's delay in payment of time loss compensation benefits on his worker's compensation claim. We hold that when a jury determined that Nalley's was responsible for Taylor's low back condition by verdict in 1999, Nalley's obligation to begin payments commenced. Nalley's could not wait until July 2000 for the appeal period to expire from the Department of Labor and Industries' order to pay the claim. The statutes that provide for a Department order and an appeal period are intended to aid in enforcement of the employer's obligation to pay a claim. They do not determine when an employer's obligation to pay a claim commenced. We hold that summary judgment was inappropriate because, although there was a delay in the payment, there was a material issue of fact as to whether the delay was unreasonable in order to impose a penalty. We reverse and remand.
Taylor injured his neck while working for Nalley's Fine Foods (Nalley's) in December *1020 1990. Nalley's is a self-insured employer.[1] On January 9, 1991, Taylor filed a claim for industrial insurance benefits. The Department of Labor and Industries (Department) accepted the claim and provided benefits through October 1993. The Department then issued an order, which closed Taylor's claim with time loss compensation benefits as paid through February 26, 1993. It also segregated Taylor's claim for a low back condition from his neck injury.
The Department cancelled its order in March 1994, and ordered Nalley's to accept responsibility for Taylor's low back condition. Nalley's appealed the March 1994 order to the Board of Industrial Insurance Appeals (Board). In its decision and order on August 21, the Board reversed the March 1994 Department order.
Taylor appealed that decision to the Pierce County Superior Court. On October 26, 1999, a jury found that Taylor's low back condition was causally related to his industrial injury claim.
In January 2000, the superior court issued a judgment, reversing the Board and remanding the claim to the Department with directions to accept Taylor's low back condition and to allow his claim for benefits. In February, the Department issued an order directing Nalley's to pay benefits for the low back condition.
In March, Taylor wrote the Department requesting that it order Nalley's to pay and asserting that Nalley's was delaying the payment of back time loss compensation benefits from February 27, 1993, through the present time. Taylor also requested interest and penalties for the "unnecessary delay in payment." Exhibit 11. On May 31, the Department ordered Nalley's to pay time loss compensation benefits and loss of earning power benefits from February 27, 1993, through the present and also ongoing benefits. The order stated that it would become final 60 days from receipt unless Nalley's filed an appeal or requested reconsideration of the order.
On July 26, Nalley's administrator issued a check to Taylor for $149,649.00. It did not appeal the May 31 order. In August, the Department found that Nalley's had unreasonably delayed payment and assessed a penalty of $36,862.80 under RCW 51.48.017. Nalley's protested the order, but the Department affirmed it on October 31. On November 21, the Department placed the October order in abeyance. The Department affirmed the October order on February 7, 2001. Nalley's then appealed the February 2001 order to the Board.
Industrial Appeals Judge Randall Hansen issued a proposed decision and order in October 2001, ruling that Nalley's did not unreasonably delay compensation to Taylor and canceling the assessed penalty. The Board denied Taylor's petition for review in December 2001. Taylor then appealed the Board's December 2001 order to the Pierce County Superior Court in January 2002. Nalley's moved for summary judgment. The trial court granted summary judgment to Nalley's, upholding the Board's decision.

I. Department Orders
This case requires us to interpret provisions of Washington's Industrial Insurance Act, Title 51 RCW. Nalley's argues that it was not required to make payments until the 60-day appeal period elapsed from the Department's May 31, 2000 order. Taylor and the Department argue that the order was independent of the appeal period and that Nalley's unreasonably delayed payment of the claim.
We review issues of statutory construction de novo. Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001). Our primary goal is to carry out legislative intent. Cockle, 142 Wash.2d at 807, 16 P.3d 583. Title RCW 51, the Industrial Insurance Act, is intended to provide "sure and certain relief for workers, injured in their work." RCW 51.04.010. The Act is to be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries ... occurring in the course of employment." RCW 51.12.010. "All doubts as to the meaning of *1021 the Act are to be resolved in favor of the injured worker." Clauson v. Dep't of Labor & Indus., 130 Wash.2d 580, 584, 925 P.2d 624 (1996).
We do not construe an unambiguous statute where plain words do not require construction. Davis v. Dep't of Licensing, 137 Wash.2d 957, 963, 977 P.2d 554 (1999). Instead, we derive the meaning of words from the wording of the statute itself. State v. Tili, 139 Wash.2d 107, 115, 985 P.2d 365 (1999). It is necessary to give effect to all the statutory language in construing a statute so that no portion is rendered meaningless or superfluous. Davis, 137 Wash.2d at 963, 977 P.2d 554.
A brief review of the statutory scheme is helpful. When a worker is injured in the course of covered employment, the worker must file a claim or application for benefits. The claim may be administered either by the State or by the self-insured employer who must meet certain criteria. RCW 51.14.020,.030; chapter 296-15 WAC. The director of the Department may revoke the status of a self-insured employer or may intervene in a claim being administered by a self-insured employer. RCW 51.14.080, .090; see also RCW 51.32.190(5). Department oversight helps ensure that self-insurers handle the claims in a "fair and prompt" manner. See RCW 51.32.190(6). No statute declares that because there may be Department oversight, the self-insurer is relieved of its independent responsibility to pay benefits. The director may issue penalties against a self-insured employer for unreasonable delay in providing benefits "as they become due."[2] We rely on a plain reading of the statute; it is unambiguous.
Depending on the type of compensation benefits owed, the period of time in which the self-insurer must begin payments may be as short as 14 days. RCW 51.32.190(3). Here, Nalley's knew in October 1999, the date of the jury verdict, it needed to pay benefits to Taylor from 1993 to the present. A case by the Board supports that the Department does not need to issue an order before a self-insured employer is required to pay benefits.
Although Board decisions are not controlling authority, they offer guidance when we determine the propriety of the Board's penalty assessments. See Waimer v. Dep't of Labor, 78 Wash.App. 162, 167, 896 P.2d 95, review denied, 128 Wash.2d 1003, 907 P.2d 297 (1995). In In re Alfred Benjamin, Jr., No. 93 4746, 1994 WL 732154, at *1 (Wash.Bd.Indus.Ins.Appeals, Aug. 19, 1994), the Department assessed a penalty against a self-insured employer. The employer argued that the penalty was inappropriate because it paid the employee's time loss compensation benefits within 10 working days of the Department's order directing it to pay the benefits. Benjamin, 1994 WL 732154, at *1. The Board held that under RCW 51.32.190(3), the issue was when the time loss compensation benefits became due, not the date when the Department directed their payment. Benjamin, 1994 WL 732154, at *2. This suggests that the payment obligation is independent of the Department's order.
According to RCW 51.32.190(1), a self-insured employer can deny a claim within 30 days of receiving notice of the claim, but the employer must give notice to the claimant. RCW 51.32.190(1). Nalley's did not deny Taylor's claim after the October 1999 jury decision. Nor did it object in February 2000 when the Department directed it to allow for Taylor's low back condition and to pay Taylor benefits. Thus, it had an obligation to timely pay Taylor's compensation benefits. RCW 51.32.190 also provides an incentive to self-insured employers that deny a claim for compensation but pay benefits while awaiting a Department ruling. If the Department determines that the self-insured does not owe the claimant benefits, the self-insured will not be forced to make future payments. RCW 51.32.190(4). Instead of taking the actions outlined in the statute, Nalley's chose to delay payment of benefits to Taylor.
*1022 Nalley's argues that RCW 51.52.050 and RCW 51.52.060 control. Both statutes allow a 60-day right to appeal after the Department issues an order. But as we outlined above, Nalley's duty to pay Taylor's benefits is independent of any Department orders. A further indication that the duty to pay is independent of the Department's orders can be found in RCW 51.14.080(3), wherein the Director may withdraw certification of a self-insurer on the ground that the self-insurer "unreasonably makes it necessary for claimants to resort to proceedings against the employer to obtain compensation." The statutes Nalley's cites as authority to delay payment until the appeal period had elapsed do not excuse a self-insured employer's delay in paying benefits that are past due. The Department's ability to issue orders is to assist the injured worker in obtaining payment; the statutory scheme is not intended to prolong payment of claims. The interpretation that Nalley's proposes is contrary to the purposes of the Act as set forth above. Hence, Nalley's obligation plainly began in October 1999.

II. Unreasonable Delay
During the summary judgment hearing, the trial court dismissed the Board's penalty assessment. Summary judgment is appropriate where this court's review of all the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Swanson v. Liquid Air Corp., 118 Wash.2d 512, 518, 826 P.2d 664 (1992) (citing CR 56(c)). We consider all facts submitted and all reasonable inferences from them in the light most favorable to the nonmoving party. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). And we will affirm the trial courts grant of summary judgment only if, from all the evidence, reasonable persons could reach but one conclusion. Wilson, 98 Wash.2d at 437, 656 P.2d 1030. However, it is clear from the record that genuine issues of fact exist as to whether Nalley's unreasonably delayed making payments to Taylor.
The determination of what is "unreasonable" within the meaning of RCW 51.48.017 was decided in another Board decision. The Board found in In re Frank C. Madrid, Nos. 860224-A, 860226-A and 860228-A, 1987 WL 61383, at *3 (Wash. Bd. of Indus. Ins. Appeals, Sept. 4, 1987), that unreasonable delay turns on whether the employer possessed a genuine doubt from a legal or medical standpoint as to who was liable for benefits. Nalley's appears to suggest in its brief that it held such a doubt because of the lack of complete medical documentation regarding Taylor's low back condition from 1993 to the present time.
Here are the facts Taylor asserts. The jury rendered its verdict on October 26, 1999. On February 11, 2000, the Department ordered Nalley's to allow Taylor's claim for his low back condition and pay benefits. During oral argument, Nalley's asserted it did not have necessary information regarding Taylor's work history at the time the Department ordered Nalley's to pay benefits to Taylor. On February 28, Taylor wrote a letter to Nalley's insurance administrators, requesting time loss benefits be paid from February 27, 1993 to the present and ongoing. In March, Taylor sent another letter to the self-insured employer's insurance administrators requesting payment of time loss benefits. Attached to the letter was an affidavit detailing the dates and hours Taylor attempted to work after his industrial injury. Also in March, Taylor underwent a medical evaluation. But, Nalley's claims it did not have enough information to pay benefits to Taylor. This presents a genuine issue of material fact.
If Nalley's had concerns about whether to pay Taylor, it could have taken the action outlined in RCW 51.32.190(1). Instead, it chose to wait over six months before paying Taylor. If the October 1999 verdict did not provide Nalley's notice it owed compensation to Taylor, the Department's February 2000 order did. Even with that notice, Nalley's waited until July 2000 to pay Taylor. Because genuine issues exist as to whether Nalley's unreasonably delayed payment to Taylor, we remand this issue to the trial court for a determination of whether the delay was unreasonable. If it was, then the *1023 trial court should reinstate the penalty the Department assessed.

III. Attorney Fees
Taylor requested attorney fees under RCW 51.52.130.[3] But, the award of attorney fees is dependent on the trial court's determination of whether an unreasonable delay occurred. Should the trial court find Nalley's unreasonably delayed payment, the trial court should award attorney fees for this appeal to Taylor.
Reversed and remanded.
We concur: HOUGHTON, P.J., and ARMSTRONG, J.
NOTES
[1] A self-insured employer is an employer authorized under Title 51 RCW to carry its own liability to its employees covered by the title. RCW 51.08.173.
[2] RCW 51.48.017 states in pertinent part: "If a self-insurer unreasonably delays or refuses to pay benefits as they become due there shall be paid by the self-insurer upon order of the director an additional amount equal to five hundred dollars or twenty-five percent of the amount then due, whichever is greater, which shall accrue for the benefit of the claimant and shall be paid to him with the benefits which may be assessed under this title."
[3] RCW 51.52.130 states in relevant part: "If, on appeal to the ... appellate court from the decision and order of the [B]oard, said decision and order is reversed or modified and additional relief is granted to a worker ..., a reasonable fee for the services of the worker's ... attorney shall be fixed by the court."