# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MASCO CORPORATION, | No. 51143-6-II |
| Respondent, | |
| v. | |
| ALFREDO SUAREZ, | PUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Alfredo Suarez appeals the superior court's reversal of a $6,911.01 penalty awarded to him. The Department of Labor and Industries (L&I) imposed the penalty against Masco Corporation for delayed payments of time loss compensation benefits. The Board of Industrial Insurance Appeals (the Board) affirmed.

The superior court reversed, concluding that the payments were not due until the Board decided Masco's motion for a stay of benefits and that Masco did not unreasonably delay paying the benefits. Suarez appeals. L&I joins Suarez's appeal.

We conclude that under RCW 51.52.050(2)(b), payments to Suarez became due when ordered by L&I, and that Masco unreasonably delayed making payments. Accordingly, we reverse the superior court's order and reinstate the penalty award.

## FACTS[1]

Suarez worked as an insulation installer for Masco, a self-insured employer. On June 27, 2012, Suarez received an on-the-job injury. Suarez could not work for several months and received time loss compensation benefits. Suarez then attempted to return to work part time, on light duty. By October 2013, Suarez felt he could no longer work because of his injuries. He filed a claim with L&I.

On December 19, 2014, L&I ordered Masco to pay time loss compensation benefits for the period of October 11, 2013 through December 10, 2014. On January 30, 2015, Masco appealed this order to the Board and filed a motion to stay payment of benefits while the appeal was pending.

On February 25, the Board denied Masco's motion for a stay of benefits. Masco received notice of the Board's decision on February 27. On March 5, five business days later, Masco paid Suarez $27,647.91 for time loss compensation for October 2013 through December 2014.

On August 25, L&I ordered Masco to pay $6,911.01, the statutory rate of 25 percent of the total time loss compensation award to Suarez as a penalty for delaying payments.[2] Masco appealed this order to the Board.

At the Board hearing, Sheryl Whitcomb, L&I's penalty adjudicator, testified that "until or unless a stay is granted, benefits are due." Board Transcript (Whitcomb) at 21. The Board affirmed L&I's order, concluding "[Masco] unreasonably delayed in the payment of benefits when due." Board Record at 30. Masco appealed to the superior court. The superior court reversed the Board, concluding, "[Masco] is entitled to defer payment of . . . benefits until [the Board] has

---

[1] The majority of the facts are taken from *Suarez v. Masco Corp.*, No. 50566-5-II (Wash. Ct. App. Aug. 9, 2016) (unpublished), http://www.courts.wa.gov/opinions.

[2] RCW 51.48.017.

acted upon the Motion for a Stay of Benefits." Clerk's Papers (CP) at 72. The court also concluded

that "[Masco] timely filed an appeal to [the Board] . . . and timely filed a Motion for a Stay of

Benefits. As such, the benefits were not due and payable until [Masco] received [the Board's]

order denying the Motion for a Stay of Benefits which was February 27, 2015." CP at 72. Lastly,

the court concluded,

> [Masco] did not unreasonably delay the payment of benefits ordered by [L&I] in
> that the benefits were not due and payable until the order denying the Motion for a
> Stay of Benefits was received by [Masco]. Even if benefits were due . . . prior to .
> . . the Board's order, . . . [Masco] had a genuine legal doubt as to its obligation to
> pay such benefits based upon the lack of case law interpreting the statute.

CP at 72.

Suarez now appeals the reversal of his penalty award.[3]

ANALYSIS

Suarez and L&I contend that the superior court erred in reversing Suarez's penalty award

because benefits were due while Masco's motion for a stay of benefits was pending before the

Board and Masco unreasonably delayed in paying those benefits. We agree.

I. STANDARD OF REVIEW

On an appeal under the Industrial Insurance Act (IIA), title 51 RCW, our review is limited

to the superior court's decision, not the Board's decision. RCW 51.52.140. "The statutory scheme

results in a different role for this court than is typical for appeals from administrative decisions."

*Hendrickson v. Dep't of Labor & Indus.*, 2 Wn. App. 2d 343, 351, 409 P.3d 1162, *review denied*,

190 Wn.2d 1030 (2018). Rather than sitting in the same position as the superior court, "we review

only 'whether substantial evidence supports the trial court's factual findings and then . . . whether

---

[3] Subsequently, a superior court jury ruled in Masco's favor on the merits of the L&I claim and
found Suarez was not entitled to benefits for this period. *Suarez*, noted at 4 Wn. App. 2d 1025, at
2. We affirmed. *Suarez*, noted at 4 Wn. App. 2d 1025, at 1.

the trial court's conclusions of law flow from the findings.'" *Hendrickson*, 2 Wn. App. 2d at 350 (internal quotation marks omitted) (quoting *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180, 210 P.3d (2009)). We review conclusions of law de novo. *Sunnyside Valley Irrig. Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003). Additionally, "[s]tatutory interpretations are questions of law reviewed de novo." *Kustura v. Dep't of Labor & Indus.*, 169 Wn.2d 81, 87, 233 P.3d 853 (2010).

## II. INDUSTRIAL INSURANCE ACT

Under the IIA, an on-the-job injury is generally compensable if it occurs during the course of employment and the claimant establishes a causal relationship between the injury and the condition for which compensation is sought. RCW 51.04.010; *Goyne v. Quincy-Columbia Basin Irrig. Dist.*, 80 Wn. App. 676, 682, 910 P.2d 1321 (1996). The purpose of the IIA, is to provide "sure and certain relief for workers, injured in their work . . . regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation." RCW 51.04.010. "To effectuate this purpose, the IIA sets forth in detail when an injured worker is entitled to compensation and the amount of compensation the worker is entitled to receive.*" Birrueta v. Dep't of Labor & Indus.*, 186 Wn.2d 537, 543, 379 P.3d 120 (2016).

An employer secures payment of compensation by insuring such payments with the state fund or by self-insuring. RCW 51.14.010. In the case of a self-insured employer, like Masco, the injured employee files an application for compensation with the employer. RCW 51.28.020(1). Either the self-insured employer or injured worker may request a determination by L&I whether compensation is required. RCW 51.32.195.

III.    RCW 51.52.050(2)(b)

If L&I awards time loss compensation benefits, its order "shall become effective and benefits due on the date issued." RCW 51.52.050(2)(b). Any aggrieved party has a right to dispute the decision. RCW 51.52.050(2)(a). A self-insured employer may appeal an L&I order to the Board. RCW 51.52.050(2)(a). "[I]f the department order is appealed the order shall not be stayed pending a final decision on the merits unless ordered by the board." RCW 51.52.050(2)(b). "Any employer may move for a stay of the order on appeal, in whole or in part." RCW 51.52.050(2)(b).

The legislature has established timelines for the stay. An employer must seek a stay within 15 days of the order granting appeal. RCW 51.52.050(2)(b). The Board will then "conduct an expedited review" of L&I's claim file as it existed on the date of L&I's order and will issue a final decision on the stay "within twenty-five days of the filing of the motion for stay or the order granting appeal, whichever is later." RCW 51.52.050(2)(b). The Board will grant a stay if it believes the employer will more likely than not prevail in the appeal. RCW 51.52.050(2)(b).

At issue in this appeal is whether benefits must be paid while the Board considers a motion to stay benefits under RCW 51.52.050(2)(b).

If a statute's meaning is plain on its face, we give effect to that meaning as an expression of legislative intent. *Blomstrom v. Tripp,* 189 Wn.2d 379, 390, 402 P.3d 831 (2017). In reviewing whether the statute's meaning is plain on its face, "we consider the text of the provision, the context of the statute in which the provision is found, related provisions, amendments to the provision, and the statutory scheme as a whole." *State ex rel. Banks v. Drummond*, 187 Wn.2d 157, 170, 385 P.3d 769 (2016). If "after this inquiry, the statute remains ambiguous or unclear, it is appropriate to resort to canons of construction and legislative history." *Blomstrom*, 189 Wn.2d at 390. "All

doubts as to the meaning of the Act are to be resolved in favor of the injured worker." *Clauson v. Dep't of Labor & Indus.*, 130 Wn.2d 580, 584, 925 P.2d 624 (1996).

Here, RCW 51.52.050(2)(b) clearly states that if benefits are ordered, the benefits shall not be stayed pending a final decision on the merits "unless ordered by the board." Only the Board can order a stay of the payment of benefits. Benefits are payable unless the Board orders otherwise. Thus, benefits are payable while the Board is considering a motion to stay benefits.

L&I and the Board also interpret this statute as requiring the payment of benefits until a stay of benefits is granted during the appeal process. The Board's interpretation of the IIA, while not binding upon this court, "is entitled to great deference." *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 138, 814 P.2d 629 (1991). Designated as a "significant decision" by the Board,[4] *In re Suarez*, decided that "RCW 51.52.050(2)(b), when taken together with the liberal construction of the Act found in RCW 51.12.010, require[d] the payment of benefits pending appeal and pending a motion to stay benefits. The statute is unambiguous." No. 15 20822, at 5 (Wash. Bd. Indus. Ins. Appeals Nov. 21, 2016), http://www.biia.wa.gov/SDPDF/1520822.pdf.

Moreover, a plain reading of the statutory language as requiring payments during the consideration of a motion to stay benefits supports the purpose of the IIA. The IIA mandates that it be liberally construed in favor of the injured worker, and that it should be interpreted to minimize the suffering and economic loss that arises from injuries in the course of employment. RCW 51.12.010; *Cowlitz Stud Co. v. Clevenger*, 157 Wn.2d 569, 573, 141 P.3d 1 (2006).

The legislature recognized the need to balance both the employee's and employer's interests by including a timeline for a motion to stay. RCW 51.52.050(2)(b). Once an employer has made a motion to stay, the Board is required to "conduct an expedited review" of L&I's claim

---

[4] The Board publishes its significant decisions and makes them available to the public.

file as it existed on the date of L&I's order and will issue a final decision on the stay "within twenty-five days of the filing of the motion for stay or the order granting appeal, whichever is later." RCW 51.52.050(2)(b).

Masco argues that self-insured employers will be penalized for exercising their right to move for a stay of benefits by being required to pay benefits while it awaits a Board decision. However, RCW 51.32.240(3) states that "[w]henever the department issues an order rejecting a claim for benefits, . . . after it has been paid by a self-insurer, . . . the recipient thereof shall repay such benefits." Thus, an employer is allowed to recoup payments under RCW 51.32.240(3) if the Board grants the stay.[5]

Based on RCW 51.52.050(2)(b)'s plain language, we conclude that L&I-ordered benefits to Suarez must have been paid while Masco's motion for a stay of benefits was pending before the Board. This conclusion is in harmony with the purpose of the IIA to provide sure and certain relief for workers and in harmony with the requirement that the IIA be liberally construed in favor of the injured worker. We next turn to the issue of whether Masco unreasonably delayed making payments.

IV.     UNREASONABLE DELAY

Under the IIA's penalty statute, if a self-insured employer "unreasonably delays or refuses to pay benefits as they become due" to an injured worker, L&I must issue a penalty to the employer. RCW 51.48.017. The penalty is five hundred dollars, or 25 percent of the amount due, whichever is greater. RCW 51.48.017.

---

[5] If the claimant is unable to pay, the employer can obtain reimbursement from a special fund. RCW 51.44.142.

Here, the court concluded,

> [Masco] did not unreasonably delay the payment of benefits ordered by [L&I] in that the benefits were not due and payable until the order denying the Motion for a Stay of Benefits was received by [Masco]. Even if benefits were due . . . prior to . . . the Board's order, . . . [Masco] had a genuine legal doubt as to its obligation to pay such benefits based upon the lack of case law interpreting the statute.

CP at 72. As discussed above, we review conclusions of law de novo. *Dickie*, 149 Wn.2d at 880.

In *Taylor v. Nalley's Fine Foods*, 119 Wn. App. 919, 926, 83 P.3d 1018 (2004), we addressed the unreasonable delay language in RCW 51.48.017. There, the employer claimed it did not have enough information regarding Taylor's medical condition to pay benefits. *Taylor*, 119 Wn. App. at 926-27. The employer then waited over six months before paying benefits. *Taylor*, 119 Wn. App. at 927. The trial court granted summary judgment in favor of the employer. *Taylor*, 119 Wn. App. at 921.

On review, we held that "unreasonable delay turns on whether the employer possessed a genuine doubt from a legal or medical standpoint as to who was liable for benefits." *Taylor*, 119 Wn. App. at 926 (discussing *In re Madrid*, Nos. 860224–A, 860226–A, and 860228–A, at 3-4 (Wash. Bd. of Indus. Ins. Appeals, Sept. 4, 1987), http://www.biia.wa.gov/SDPDF/860224-A.pdf). And that genuine issues existed as to whether there was medical documentation to support an award of benefits. *Taylor*, 119 Wn. App. at 927. We remanded the matter to the trial court for a determination of whether the delay was unreasonable. *Taylor*, 119 Wn. App. at 927.

Our case is distinguished from *Taylor* because we have the benefit of RCW 51.52.050(2)(b), which went into effect in 2008. LAWS OF 2008, ch. 280 § 1. As discussed above, the plain language of RCW 51.52.050(2)(b) clearly states that if benefits are ordered, the benefits "shall not be stayed pending a final decision on the merits unless ordered by the board." Only the Board can order a stay of the payment of benefits. In other words, benefits are payable up until

the time of a Board order. Thus, benefits are payable while the Board is considering a motion to stay benefits. The meaning of the statue is clear.

Under RCW 51.32.190(3), where temporary disability compensation is payable, as is the case here, "the first payment thereof shall be made within fourteen days after notice of claim." L&I ordered Masco to pay Suarez compensation on December 19, 2014. Masco did not pay until March 5, 2015.

This 77-day delay would be unreasonable because Masco was required to pay within 14 days. Accordingly, the trial court erred in concluding that Masco did not unreasonably delay the payment of benefits ordered by L&I.[6]

We hold that under RCW 51.52.050(2)(b), payments are due when ordered by L&I. Accordingly, the superior court erred in deciding benefits were not due and payable while Masco's motion for a stay of benefits was pending before the Board. The superior court further erred in deciding Masco did not unreasonably delay payment of benefits. We reinstate the penalty award.

V.    ATTORNEY FEES

Suarez requests attorney fees on appeal based on RCW 51.52.130(1). Under RAP 18.1(a), this court may grant a party its attorney fees on appeal when an applicable law allows. RCW 51.52.130(1) requires a court to award a worker attorney fees if he or she improves their position on appeal. Because we reinstate the penalty award to Suarez, he prevails on appeal. Thus, we award Suarez his reasonable attorney fees conditioned upon his compliance with RAP 18.1(d).

---

[6] L&I asks us to hold that the unreasonable delay test set forth in *Taylor*, which is based on the Board's decision in *Madrid*, no longer applies. While we agree that the plain language of RCW 51.52.050(2)(b) precludes refusing to pay benefits based on legal or medical doubt here, there may be other circumstances where a delay occurs and this test would be instructive. We, therefore, decline L&I's request to overrule the unreasonable delay test set forth in *Taylor*.

We reverse the superior court's order and reinstate the penalty award.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Maxa, C.J.