

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| LEONARD G. ELLERBROEK, | ) | |
| | ) | No. 36563-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHS INC, | ) | OPINION PUBLISHED IN PART |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — An employer challenges the statutory penalty imposed after it was required to make payments while its motion to stay the payment obligation was pending. We affirm.

PROCEDURAL HISTORY

Respondent Leonard Ellerbroek injured his left hand while working as a propane delivery driver for appellant CHS, Inc., on March 27, 2013. The Department of Labor and Industries (DLI) allowed his claim for workers' compensation benefits.

Ellerbroek underwent surgery on his left thumb February 3, 2014. He returned to work and performed office tasks, but had difficulty doing the job and took time off. CHS later offered him a laborer position, which he declined. CHS terminated Ellerbroek's worker's compensation benefit on October 8, 2014, and terminated his employment November 3, 2014.

DLI, by orders entered February 2 and 24, 2015, directed CHS to pay Ellerbroek benefits from October 9, 2014. CHS appealed the February 24 order to the DLI Board on March 5, 2015. CHS also asked the Board to stay its obligation to pay benefits. On March 12, counsel for CHS left a message with counsel for Ellerbroek advising him that CHS would make the payments if the stay was denied and asking if there were any objections to that approach. Ellerbroek's attorney did not respond.

Instead, Ellerbroek requested on March 23 that DLI assess a penalty against CHS for failing to pay benefits as ordered. On April 8, DLI held its February 24 order in abeyance. On April 21, DLI held that CHS unreasonably withheld benefits and ordered a penalty payment to Ellerbroek of $2,955.56. DLI affirmed its February 24 order on May 6; CHS paid Ellerbroek the time loss award on May 15. Three days later, DLI affirmed its April 21 order. CHS appealed that ruling to the Board.

The industrial appeals judge entered a proposed decision and order finding that CHS did not unreasonably delay paying Ellerbroek time loss benefits from October 2014 to February 2015, and reversed the May 6 and May 18 orders. The Board adopted the proposed decision and order.

DLI and Ellerbroek appealed to the superior court. The court reversed the Board and reinstated the penalty against CHS. The court also awarded Ellerbroek $22,596 in attorney fees.

2

No. 36563-8-III
*Ellerbroek v. CHS INC.*

CHS timely appealed to this court. A panel considered the appeal without conducting argument.

ANALYSIS

This appeal challenges the imposition of the penalty and the amount of attorney fees awarded to Ellerbroek; the time loss benefits are not at issue. We address the two claims in that order.

*Penalty*

CHS and DLI offer competing readings of the statute each agrees governs this case, RCW 51.52.050(2). CHS contends that it was entitled to withhold payment due to a reasonable and genuine doubt regarding the payment obligation, while DLI argues the genuine doubt standard no longer applies. CHS also argues that Ellerbroek should have been equitably estopped from seeking the penalty since he did not object to the plan proposed by CHS's counsel.

Appellate courts review workers' compensation appeals in accordance with ordinary standards governing civil cases. RCW 51.52.140; *Rogers v. Dep't of Labor & Indus.*, 151 Wn. App. 174, 180-81, 210 P.3d 355 (2009). Unlike other administrative appeals, this court reviews the decision of the superior court rather than that of the Board. *Rogers*, 151 Wn. App. at 180. This court reviews findings of fact for substantial evidence and conclusions of law de novo. *Id*.

3

The construction of a statute is a question of law reviewed de novo. *Dep't of Labor & Indus. v. Granger*, 159 Wn.2d 752, 757, 153 P.3d 839 (2007); *Stuckey v. Dep't of Labor & Indus.*, 129 Wn.2d 289, 295, 916 P.2d 399 (1996). The court's fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent. *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). If the statute's meaning is plain on its face, the court must give effect to that plain meaning as an expression of legislative intent. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). Only if a statute remains ambiguous after a plain meaning analysis may the court resort to external sources or interpretive aids, such as canons of construction, case law, or legislative history. *Jongeward v. BNSF Ry. Co.*, 174 Wn.2d 586, 600, 278 P.3d 157 (2012); *State ex rel. Citizens Against Tolls v. Murphy*, 151 Wn.2d 226, 242-43, 88 P.3d 375 (2004).

The Industrial Insurance Act, Title 51 RCW, must be "liberally construed for the purpose of reducing to a minimum the suffering and economic loss arising from injuries and/or death occurring in the course of employment." RCW 51.12.010. Accordingly, "where reasonable minds can differ over what Title 51 RCW provisions mean, in keeping with the legislation's fundamental purpose, the benefit of the doubt belongs to the injured worker." *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 811, 16 P.3d 583 (2001). However, "a statutory directive to give a statute a liberal construction does not require us to do so if doing so would result in a strained or unrealistic interpretation of the statutory

4

No. 36563-8-III
*Ellerbroek v. CHS INC.*

language." *Senate Republican Campaign Comm'n v. Pub. Disclosure Comm'n*, 133

Wn.2d 229, 243, 943 P.2d 1358 (1997).

The statute in question, with underscored emphasis of provisions particularly

relevant to this appeal, provides in part:

> An order by the department awarding benefits shall become effective and benefits due on the date issued. Subject to (b)(i) and (ii) of this subsection, if the department order is appealed the order shall not be stayed pending a final decision on the merits unless ordered by the board. Upon issuance of the order granting the appeal, the board will provide the worker with notice concerning the potential of an overpayment of benefits paid pending the outcome of the appeal and the requirements for interest on unpaid benefits pursuant to RCW 51.52.135. A worker may request that benefits cease pending appeal at any time following the employer's motion for stay or the board's order granting appeal. The request must be submitted in writing to the employer, the board, and the department. Any employer may move for a stay of the order on appeal, in whole or in part. The motion must be filed within fifteen days of the order granting appeal. The board shall conduct an expedited review of the claim file provided by the department as it existed on the date of the department order. The board shall issue a final decision within twenty-five days of the filing of the motion for stay or the order granting appeal, whichever is later. The board's final decision may be appealed to superior court in accordance with RCW 51.52.110. The board shall grant a motion to stay if the moving party demonstrates that it is more likely than not to prevail on the facts as they existed at the time of the order on appeal. The board shall not consider the likelihood of recoupment of benefits as a basis to grant or deny a motion to stay.

RCW 51.52.050(2)(b) (emphasis added). Subsection (2)(b) was added to the statute by

Laws of 2008, ch. 280, § 1. It has not been amended since its adoption.

The opening sentence of the paragraph is exceptionally clear—the benefits

become due on the date the award is issued. The statute then provides for rapid review of

5

the award on the merits, as well as prompt consideration of a request to stay the award. However, the statute carefully circumscribes any stay of the award: (1) no stay shall issue unless ordered by the Board, (2) the merits decision will be expedited, (3) the Board may only grant a stay upon a showing of likelihood of prevailing, and (4) likelihood of recoupment is irrelevant to the stay decision. This entire approach is consistent with the expectation that the award will be paid and that a stay of payment will be provided only in limited circumstances. There is no ambiguity in the statute. CHS needed to pay Ellerbroek immediately without regard to its intention to seek a stay. *Masco Corp. v. Suarez*, 7 Wn. App. 2d 342, 350, 433 P.3d 824, *review denied*, 193 Wn.2d 1015 (2019).

The failure to make the payment authorized the imposition of a penalty. RCW 51.48.017 provides that when "a self-insurer unreasonably delays or refuses to pay benefits as they become due there shall be paid" a penalty equal to $500 or 25 percent of the amount owed the employee. The director must determine whether there was an unreasonable delay or refusal to pay. RCW 51.48.017.

Division Two of this court interpreted the "unreasonably delays" language to mean that the employer had to have a "genuine doubt from a legal or medical standpoint as to who was liable for benefits." *Taylor v. Nalley's Fine Foods*, 119 Wn. App. 919, 926, 83 P.3d 1018 (2014). In turn, *Masco* recognized that *Taylor* was issued before the legislature adopted RCW 51.52.050(2)(b) to require immediate payment of benefits. 7 Wn. App. 2d at 351-52. While determining that the delay at issue was unreasonable,

6

the *Masco* court nonetheless declined to overrule the *Taylor* test despite the legislative change rendering liability a nonissue in these circumstances, believing that the test might still be informative in some instances. *Id.* at 352, n.6.

DLI agrees with *Masco* that the "genuine doubt" test might still be useful where there has been no Board order, but asks us to "clarify" that the *Taylor*[1] standard is no longer applicable once an order determining benefits has issued. We agree with DLI that the *Taylor* "genuine doubt" standard is inapplicable after the Board has issued an award of benefits. At that point there is no doubt about the obligation to make the payment. The Board is still entitled under RCW 51.52.050(2)(b) to stay an award if it believes the employer is likely to prevail. However, the genuine doubt test is not part of that statute and has no application once an order determining benefits has issued.

Whether there may be other instances in which the "genuine doubt" test remains vital is a question we leave to another day. We simply conclude that a self-insured employer who delays payment while pursuing a stay of its obligation "unreasonably delays" payment for purposes of the penalty provision, RCW 51.48.017.

---

[1] *Taylor* adopted the genuine doubt test from a standard used by DLI in an authoritative opinion, *In re Madrid*, No. 860224-A, 1987 WL 61383 (Wash. Bd. of Indus. Ins. Appeals Sept. 4, 1987). We reference the appellate cases instead of the DLI authority.

CHS also argues that Ellerbroek should be equitably estopped from pursuing the penalty because he did not object to the plan to await the stay ruling before issuing payment. He was under no obligation to waive his statutory right to payment.

> The elements of equitable estoppel are: (1) a party's admission, statement or act inconsistent with its later claim; (2) action by another party in reliance on the first party's act, statement or admission; and (3) injury that would result to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission.

*Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 743, 863 P.2d 535 (1993). "In addition to satisfying each of these elements, the party asserting the doctrine must be free from fault in the transaction at issue." *Id.* at 743 n.1. Silence can constitute acquiescence when a party would be expected to speak to protect its interests. *Peckham v. Milroy*, 104 Wn. App. 887, 892, 17 P.3d 1256 (2001). A party may not assert estoppel to enforce an agreement that is contrary to a statute and its policy. *State v. Nw. Magnesite Co.*, 28 Wn.2d 1, 26, 182 P.2d 643 (1947).

There is no basis for applying estoppel in this case. CHS left a message advising Ellerbroek of its plans and asked if there was any objection. There is no indication that CHS relied on the failure to respond, nor would we credit the lack of response if CHS had claimed to do so. Ellerbroek's right to receive payment was protected by statute, so he should not have been expected to voice an objection in order to safeguard his interests.

Additionally, estoppel cannot be used to enforce the alleged agreement because it is directly contrary to CHS' statutory obligations.

Accordingly, the estoppel argument is without merit. We affirm the penalty award.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

*Attorney Fees*

CHS next argues that the amount of attorney fees awarded by the trial court was unreasonable, while Ellerbroek requests fees on appeal. We affirm the award and grant Ellerbroek his fees in this court.

Reasonable attorney fees are available to an injured worker in accordance with RCW 51.52.130. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 665-66, 989 P.2d 1111 (1999). The trial court is allowed to apply the lodestar principle to an award under this statute. *Id*. at 666. We review the fee award for abuse of discretion. *Id*. at 665. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

The essence of the lodestar methodology is the initial formula: a reasonable hourly rate for a reasonable number of hours worked. *Brand*, 139 Wn.2d at 666. Trial courts

must assess both the reasonableness of the hourly fee as well as the number of hours expended on the project. *Id*. The attorney fee award to the employee is not limited merely to those arguments on which the employee prevailed. *Id*. at 669.

Although not challenging Ellerbroek's counsel's hourly rate, CHS challenges the court's award of fees unrelated to the penalty issue, the 20 hours spent on briefing in the trial court, time billed for reading a letter, Ellerbroek's alleged creation of the penalty issue by not responding to the message left by CHS's counsel, and the court's use of a 1.2 multiplier. Since this portion of the opinion is nonprecedential and the trial court's rulings all were tenable, we answer these arguments summarily.

The court was permitted to award fees for all issues presented. *Id*. The court considered and trimmed the time requested by counsel in favor of an amount it considered reasonable. It was not unreasonable to award 15 minutes for reading and considering a letter received from the opposing side. As discussed previously, Ellerbroek was under no obligation to remind CHS of its statutory obligation to pay him. Finally, the 1.2 multiplier was a modest one considering the novelty of the argument has led two appellate courts to publish their conclusions on the topic. The trial court's attorney fee award is affirmed.

Finally, we grant Ellerbroek's request for reasonable attorney fees provided he timely complies with RAP 18.1(d). Our commissioner will consider any challenges to

10

No. 36563-8-III
*Ellerbroek v. CHS INC.*

the request and ascertain there is no unnecessary duplication of fees given the briefing in

the trial court.

    Affirmed.

                                    _____
                                          Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.

11